The judgment of the court below will be affirmed.

All the Justices concurring.

---

GEORGE OW v. JAMES WICKHAM.

CAUSES OF ACTION—*Non-Joinder, When.* Where an action is brought
    before a justice of the peace under art. 13, ch. 81, Comp. Laws of
    1885, and there is joined therewith a claim for damages growing out
    of the same transaction, *held,* that the proceeding under the forcible-
    entry-and-detainer act is a summary proceeding, and cannot be joined
    with other causes of action, although such other causes of action may
    arise out of the same transaction.

*Error from Rush District Court.*

ACTION brought before a justice of the peace, for the unlawful and forcible entry and detention of real property, and damages for withholding the same. Trial by the justice without a jury, and judgment for the plaintiff for the possession of the premises, and for $69 damages. The defendant removed the cause to the district court, where, on September 17, 1885, the judgment was affirmed. The defendant brings the case to this court for review.

*Fierce & Cowgill,* for plaintiff in error.

*S. I. Hale,* and *G. P. Cline,* for defendant in error.

Opinion by CLOGSTON, C.: This was an action brought by the defendant in error against the plaintiff in error before a justice of the peace, under the forcible-entry-and-detainer act, upon the following complaint, (caption omitted:)

The plaintiff alleges:

" 1. That he is the owner of and entitled to the possession (immediate) of the following-described tract of land in Rush county, Kansas, to wit, the southeast quarter of section 30, township 19, range 18.

" 2. That on the — day of ——, 1884, defendant George Ow willfully, unlawfully, forcibly, and without authority or color of right, entered upon said premises, and in the manner aforesaid took possession of said land and all the buildings situate thereon, the same being also the property of the plaintiff, and a part of the realty.

" 3. That by reason of said intrusion, the plaintiff has been and is damaged in the sum of $100.

" 4. That three days prior to the commencement of this suit, to wit, on the 15th day of December, 1884, the plaintiff caused a notice to be served on the defendant, demanding that he immediately quit, leave and abandon the premises, but that he refused and still refuses to do so; that defendant refused and still refuses to vacate the buildings or surrender them to the plaintiff.

" 5. The plaintiff therefore demands judgment against the defendant for the restitution of said lands, tenements and buildings, for damages to the same in $100, and for costs of suit."

This complaint was duly sworn to by the plaintiff. Before the trial the defendant moved the court, first, to strike out of said complaint paragraph three; also, to require plaintiff to separate and number his several causes of action—both of which motions were by the court overruled, and excepted to by the defendant; whereupon the defendant demurred to the complaint for the reason that two causes of action in said complaint are improperly joined, which demurrer was by the court also overruled, and duly excepted to. Trial was then had upon the complaint, and the court found all the issues in favor of the plaintiff, and upon such findings of fact found the following conclusions of law:

"1. That the defendant is guilty as charged in the complaint.

"2. That plaintiff is entitled to the immediate possession of the premises described in plaintiff's bill of particulars.

"3. That plaintiff is entitled to $60 as actual damages to real estate, and $9 as exemplary damages, the amount sworn to by plaintiff as his expenses in making his first trip to see after said premises."

Upon said findings a judgment was rendered for the plaintiff for the restitution of the premises, and $69 damages, and costs. This presents but the one question: Can an action for damages for the unlawful detention of property, and damages therefor, be joined with an action for possession of the property, in a forcible-entry-and-detainer proceeding before a justice of the peace? This question we must answer in the negative. The action of forcible entry and detainer was intended as a summary proceeding, determining nothing but the present right to the possession of property; and a judgment for the possession when rendered in such a proceeding is not conclusive upon either party, and is no bar to a future action. If this be the nature and character of the judgment, then how can it be claimed that damages may be included as a part of the judgment, but when so rendered would not be a bar to a future action? In all actions for money known to our code, the judgment, when rendered, is conclusive, except when appealed from, or reversed on error; so it would seem useless to

include the element or claim of damages, when no judgment could be rendered that would be a bar to further action.

Again, the forcible-entry-and-detainer act provides in specific terms the form of the verdict and the judgment, and the execution on the judgment; and neither in the verdict, judgment, nor execution, is any reference made to damages for the detention, or for injury to the property. If it had been comtemplated that a judgment may also be rendered in this class of actions for damages to the property, as in actions of replevin, then some provision, it seems to us, would have been made in the form of the verdict, judgment, and execution. It is true that in many other respects the trial and procedure are the same as in other proceedings before justices of the peace; also, that an appeal may be taken and exceptions on questions of law saved, and the like; and these provisions doubtless led counsel and the court to believe that because of this similarity in other actions, other causes of action might be joined; but the fact must not be lost sight of that the proceeding was designed solely as a summary means of obtaining possession of property, where it was withheld by a defendant without right, or color of right.

Under these views the judgment of the district court was wrong, and we recommend that it be reversed.

By the Court: It is so ordered.

All the Justices concurring.