DAVID BROWN ET AL. V. LEONARD B. FEAGINS.

FILED JUNE 29, 1893.   No. 5171.

1. Forcible Entry and Detainer: WRONGFUL ENTRY UNDER
   CLAIM OF TITLE. An action for the forcible detention of real
   property may be maintained by one whose complete possession
   thereof has been ended by the wrongful entry of another, even
   though such entry was made under claim of a paramount title.

2. ———: ———. A person who claims the paramount title to real
   property in the undisputed possession of another cannot, by
   surreptitiously obtaining possession thereof, place such former
   possessor at any disadvantage as to the assertion of his rights or
   the enforcement of his remedies in respect thereto.

ERROR from the district court of Douglas county. Tried
below before FERGUSON, J.

*C. A. Baldwin*, for plaintiffs in error.

*John Q. Burgner* and *Connell & Ives*, contra.

RYAN, C.

This action was begun before a justice of the peace of
Douglas county, by Leonard B. Feagins, against David
and Frank Brown, the complaint reciting that on or about
January 23, 1889, the said Browns unlawfully, forcibly,
and with strong hand did enter, and thenceforward have held
possession of the southeast quarter of the northeast quarter,
of section 31, town 15 north, range 10 east, 6th P. M., and
that the said Feagins at the time of said entry, and ever since,
had the right of possession of the said premises. Service of
notice to quit was also duly averred in said complaint. A
trial of this action for the forcible entry and detention of the
aforesaid real property resulted in a verdict and judgment
in favor of Feagins; whereupon the defendants appealed to
the district court of said county. A trial in that court re-

sulted as before, and the Browns bring the case into this court for review upon petition in error.

The evidence presented the facts with but little dispute —certainly none of serious importance.  For some three years immediately preceding January 24, 1889, George Hill had claimed the ownership of the property in dispute, and, incident to such claim, had maintained about the said premises a fence of rather doubtful efficiency.   During the pasturing season of the year 1888, Feagins, as Hill's tenant, used the said real property for grazing purposes, for which alone it was suitable, removing the cattle when the grass became unfit for use.   About Christmas of the year 1888 a gap was made in the enclosure by the falling of a portion of the fence.   The posts and wires of which this portion had been constructed were afterwards covered by snow so that any person, so disposed, could easily drive a team through the gap into the enclosure.  The plaintiffs in error having previously procured a quitclaim deed from the holder of a tax deed upon said premises, drove into the enclosure over the fallen portion of the fence above mentioned on January 24, 1889, and with the help of two other persons, on the same day erected a shanty, which said Browns at once occupied as a place of residence. Based upon this possession, reinforced by the claim that their quitclaim deed raised such a question of title as could not be investigated in this form of action, the plaintiffs in error resist Feagins' contention for restoration to his former possession of the property above described.

This form of action involves merely the present right of possession of the property described in the complaint. This action may be maintained by any person who is entitled to possession as against another who has unlawfully and forcibly obtained possession, or whose possession, originally rightful and peaceable, is afterward forcibly and unlawfully held. (Sec. 1019, Code of Civil Procedure.) Under this section this court has held that this action being

a civil remedy to recover the possession of premises unlaw-
fully and with force withheld from the plaintiff, it will be
sufficient to charge the forcible detainer that the party un-
lawfully in possession refuses to vacate the premises on
lawful notice so to do. (*Estabrook v. Hateroth*, 22 Neb.,
281.) In the case under consideration lawful notice to
quit possession was served upon both Browns, who refused
to vacate the premises. Their right to retain possession is,
therefore, to be considered solely with reference to the
nature of their possession as against the defendant in error.
There is no ground for dispute that, by reason of occu-
pancy of the premises and the continued enclosure thereof,
Hill, and under him his tenant, had exclusive possession
previous to January 24, 1889. In respect to this property
the assertion of such possession was all that in the condi-
tion of the disputed property it was capable of, and as
against all the world, the complete possession was held by
Feagins. With full knowledge of all the facts in this
matter plaintiffs in error, at the time last mentioned, taking
advantage of an accidental breach in the enclosure, entered
and took possesssion which, upon due notice, they refused
to surrender to the party dispossessed. The defendant in
error, upon such refusal, had the right to be reinstated in
his possession for whatever that possession may have been
worth. If plaintiffs in error, out of possession, desired to
test the right of the defendant in error as to the disputed
property, an action of ejectment offered the proper remedy.
That form of action in which only the right of possession
can be tested cannot be made available for such purpose.
And, having obtained possession in the manner above in-
dicated, the interlopers cannot oust the jurisdiction of a
justice of the peace of the proper county to re-establish the
interrupted rightful possession by the assertion of a supe-
rior title.

Upon this theory the cause was tried in the district
court, where, upon the facts, the verdict was in favor of

the defendant in error.    This verdict was right, and the judgment thereon is, therefore,

AFFIRMED.

THE other commissioners concur.