JESSIE W. CHISHOLM *et al.* v. THEODORE H. WEISE.

FORCIBLE ENTRY AND DETAINER—*When Lies—Measure of Damages*. In an action of forcible entry and detainer, under the statutes of this territory, it is not competent for the defendant to show, as a defense, that the defendant claimed title, or even owned the title to the premises, where it is shown that the plaintiff was in the peaceable and quiet possession of said premises and was, by force, dispossessed thereof by the defendant. A party, out of possession, though he may be entitled to the possession, must resort to legal means to obtain possession. The action is not an action for rent. It need not be predicated upon the relation of landlord and tenant. It is an action to recover possession and for the wrongful withholding of possession. The statute measures the damage by double the rental value of the premises; and where it is shown that the plaintiff was in the peaceable and quiet possession of the premises and was dispossessed thereof, by force, by the defendant, plaintiff is entitled to recover, as damages, double the rental value of the premises for the period the possession was withheld from him.

*Error from the District Court of Pottawatomie County.*

*T. G. Cutlip* and *B. B. Blakency*, for plaintiffs in error.

*J. H. Woods*, for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.: This is an action for forcible entry and detainer commenced by defendant in error, Theodore H. Weise, against the plaintiffs in error, before a justice of the peace in Pottawatomie county, and appealed to the district court of said county, where judgment was rendered in favor of the defendant in error, and the cause was brought to this court for review.

While the record and briefs show such assignment of error as, "that the complaint does not state facts sufficient to entitle the plaintiff to any relief;" that "the complainant was not entitled to recover rents in any sum, under the evidence;" and "errors occurring in the trial of the cause," though no exception was taken or saved to the action of the court in overruling the demurrer to the complaint, and though counsel for plaintiffs in error have wholly disregarded and failed to comply with rule IV of this court, which provides that "briefs must refer specifically to the page of the record which counsel desires to have examined," we have looked into the record sufficiently to ascertain that there was evidence to warrant the jury in finding the existence of the following facts: That on September 23, 1891, Weise settled upon and went into possession of lot ten (10), in block thirty-three (33), in the town of Tecumseh, said town having been set apart by the secretary of the interior for a townsite under the laws of the United States; that he immediately enclosed the lot with posts and wire fence and made improvements thereon; that about November 10, 1891, the Chisholms, in a temporary absence of said Wiese from said lot, entered thereon and took possession, and forcibly held the same from said Weise, and continued to retain the possession thereof until a short time before this cause

was tried in the district court; that the Chisholms erected a house and made other improvements thereon during their occupancy of the same; that the rental value of said premises, while so occupied by said Chisholms, was reasonably worth $15 per month. After said lot was taken possession of by said Chisholms they endeavored to procure a deed of conveyance thereof from the probate judge of said county, who was the trustee holding the title to the lots in said townsite, in trust for the use and benefit of the occupants under the laws of the United States; that after this action was commenced, and while it was pending in the justice's court, the said probate judge executed a deed of conveyance for said lot to said Chisholms; that afterwards, while this cause was pending in the district court, in an action and proceeding in equity, commenced by Weise against the Chisholms, a judgment and decree was obtained in the district court cancelling and annulling said deed on the ground that the same was procured by fraud, and said decree, on appeal to the supreme court, was affirmed and made final. On the trial of this cause in the justice's court, the defendants therein offered said deed from said probate judge in evidence to show that the title to said lots was in controversy, and that the justice of the peace had no jurisdiction in the cause, the title of real estate being involved. The same question was presented in the district court; and this contention, together with the contention that if plaintiffs in error were guilty at all it was for a trespass upon the premises of defendants in error, and that a judgment for rents can not follow a trespass, are the principal propositions urged by plaintiffs in error upon this appeal.

Under the statutes of this territory in force when this action was commenced, the action of forcible entry and

detainer might be maintained against any person who commits a forcible entry and ouster, even though the latter is the owner of the property and entitled to immediate possession, if the plaintiff had at the time of the forcible ouster the actual peaceable possession thereof. And an action for the forcible detention of real property may be maintained by one whose complete possession thereof has been ended by the wrongful entry of another even though such entry was made under claim of a paramount title. The general purpose of the statute does not regard the actual condition of the title of the property, but where any person is in the peaceable and quiet possession of it, he shall not be turned out by force, by violence or by terror. The party so using force and acquiring possession may have a superior title or may have the better right to the present possession; but the policy of the law is to prevent disturbances of the public peace and to forbid any person righting himself by his own hands and by violence, and requiring that the party who has obtained possession in this manner shall restore it to the party from whom it has been so obtained. The party out of possession must resort to legal means to obtain possession if he be entitled thereto. A party out of possession, though he may be entitled to the possession, must resort to the law alone to obtain what he claims. The law of this case was very clearly stated, and the meaning of our forcible entry and detainer statute very fully discussed, by Mr. Justice Bierer, at the last term of this court, in *City of Oklahoma City. v Hill,* 4 Okla. 521, 46 Pac. 568. It was there shown that the Statute of Kansas, from whence ours was adopted, had been repeatedly construed by the supreme court of that state, and that the construction of such statute as stated in *City of Oklahoma City v. Hill, supra,* was a settled

construction in the state of Kansas. (*Campbell v. Coonradt*, 27 Kan. 704; *Connaway v. Gore*, 27 Kan. 127; *Burdette* v. *Cordan*, *id*. 375; *Buettinger v. Hurley*, 9 Pac. Rep. 197). Also that the same doctrine obtains in the state of Iowa, (*Ensley v. Bennett*, 37 Iowa, 15), and in the state of Nebraska, (*Brown v. Feagins*, 55 N. W. 1048). If the question of ownership, or in which party the title may be, is not properly an issue in forcible entry and detainer proceedings, then the mere claim of title, or the offering in evidence of a deed of conveyance by one of the parties, will not raise a question of title so as to divest a justice of the peace of jurisdiction. Title is only involved where the title may be a proper question for decision.

The jury in this cause found this reasonable value of the use of the premises in question to be fifteen dollars per month, and the court below, upon the verdict, rendered a judgment for double the rental value thus found in accordance with the provisions of the statutes.

There is no merit whatever in the proposition of counsel for plaintiff in error "that there could be no recovery for rents; that the relation of landlord and tenant was not shown to exist; that plaintiffs in error were shown by the record to be trespassers, and that rent cannot be predicated upon a trespass, but can only be recovered where the relation of landlord and tenant does exist." There is no question of rents in this case. The action of forcible entry and detainer, or of unlawful detainer, need not be predicated upon the relation of landlord and tenant. They are actions to recover damages for the wrongful taking and withholding, or for the wrongful withholding of the possession of real property. The damages are measured under the statute by the

rental value of the premises withheld. It is not for rents the action is brought, but for the possession and damages, measured by the actual rental value, and the statute measures the damage by a sum equalling double the amount of such rental value. Numerous objections are urged by counsel for plaintiffs in error in their briefs to the instructions given by the court below, and to the action of the court in refusing to give the numerous instructions asked by plaintiffs in error; but as the instructions given by the court correctly stated the theory of the law in this action, as herein stated, and as the instructions refused were predicated upon an erroneous theory of the law in this case, the law was fairly and properly stated to the jury and there was no error committed therein.

There being sufficient evidence, as shown by the record, to authorize the jury to find for the defendant in error upon the issue in this cause the law having been fairly and properly stated to the jury, there being no error in the assessment of damages and the judgment being clearly for the right party, it is affirmed.

All the Justices concurring.