SIMEON L. McQUISTON v. BENJAMIN F. WALTON.

(Filed July 18, 1902.)

1. **FORCIBLE ENTRY AND DETAINER—Proper Remedy to Dispossess Unsuccessful Homestead Claimant.** Where the land department has finally determined the rights of adverse claimants to a tract of public land, the successful claimant who has the homestead entry, is entitled to the possession of the land, and forcible detainer is the proper remedy to invoke against one who refuses to surrender and forcibly withholds possession.

2. **COURTS—Will Make Effective Decisions of Land Department, When.** The courts will carry into effect the decisions of the officers of the land department, and protect the possessory rights of the successful litigant, so long as the title remains in the United States.

3. **TITLE—When Cannot be Determined.** Title cannot be determined in this class of actions, nor will the courts permit an improper plea setting up title to divest them of jurisdiction and deprive the claimant of the right to the remedy given him by statute.

4. **COURTS—Will Grant Speedy Relief.** The courts of law cannot withhold relief from one entitled to it, in order to enable his adversary to construct the defenses for a prospective attack when favorable conditions shall arise.

5. **QUALIFICATIONS OF HOMESTEAD CLAIMANTS—Courts to Inquire Into, for What Purpose.** It is settled by a long line of decisions that a court will not inquire into the qualifications of homestead claimants until after the title has passed from the United States, but before title has passed the courts will inquire into the status of parties as determined by the land department, sufficiently to determine and furnish protection for their possessory rights.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*S. H. Harris,* for plaintiff in error.

*Ransom & Bailey,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This is an action in forcible detainer, originally commenced before a justice of the peace in Kay county. The plaintiff below, Benjamin F. Walton, recovered judgment in the justice court. McQuiston appealed to the district court of Kay county, and the case was there tried to the court by consent of parties, and judgment again pronounced in favor of Walton, from which appeal is taken to this court.

The record presents but one question. The defendant below, McQuiston, admits that he and plaintiff were both claimants before the land department for the same tract of land, and that their claims have been finally determined in the land department in favor of Walton, and that the title is yet in the United States; but he alleges that the officers of the land department misapplied the law, and that he is entitled to acquire title to the land, and intends bringing his action in a court of equity to declare the patentee a trustee for him, and establish a resulting trust as soon as Walton shall make final proof and acquire the legal title.

The question of title cannot be tried in this action, nor can the courts deal with the question of title as between adverse claimants so long as the fee rests in the United States. Under the homestead laws of the United States, the homestead entryman is entitled to the exclusive possession of the land as against a claimant whose rights have been adversely and finally determined by the officers of the land department. It is the duty of the courts to give effect to the decisions of the officers of the land department of the United States, and protect the possessory rights of those who have been determined to be entitled to the same. If the law works a hardship or

results in a loss of the prospective, rights of any claimant, then such condition is a proper subject for legislation, and not for judicial cognizance.

Forcible detainer is the remedy provided by law for obtaining possession of lands detained from another, without right. The right of possession is all that is involved, and the question of title cannot be brought into such an action in such manner as to divest the court of its jurisdiction and deprive the plaintiff of the remedy given him by statute.

Under the pleadings and evidence in this case, the judgment of the court could not have been otherwise. The judgment of the district court of Kay county is affirmed, at the costs of the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.