JOHN H. WEST *et al.* V. R. L. COMEAUX.
No. 14,527.    (85 Pac. 138.)
SYLLABUS BY THE COURT.

FORCIBLE ENTRY AND DETAINER—*Evidence of Peaceable Entry— Bond for a Deed.* In an action of forcible entry and detainer, where defendant claims that he entered peaceably under a bond for a deed executed by plaintiffs, who were the owners of the premises, and that at the time the bond was executed plaintiffs gave him verbal permission to take possession, it was proper to admit in evidence the bond for a deed for the purpose of showing the character of defendant's entry and possession.

Error from Brown district court; WILLIAM I. STUART, judge. Opinion filed March 10, 1906. Affirmed.

*F. M. Pearl, R. F. Buckles,* and *D. E. Reber,* for plaintiffs in error.

*John F. Kerrigan,* and *James Falloon,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: This was an action of forcible entry and detainer. John H. West and D. C. Barnes were the owners of a hotel at Morrill, in Brown county. On March 26, 1903, they executed a bond for a deed to the defendant, by which they agreed to convey the property to him for $1600, payable in monthly payments. The bond was drawn at the request of both parties by a notary, who took the acknowledgment of the grantors. It was left in their possession, to be held for some purpose—plaintiffs claiming there was no delivery; defendant claiming that it was delivered to him and he consented that they should retain it in their possession. The evidence of the defendant shows that at the time the bond was executed the plaintiffs told him he could take possession of the hotel at any time, the sooner the better. Defendant took possession

between three and five o'clock on the morning of April 6. Plaintiffs claimed that they had reconsidered the matter after signing the bond, and had notified him that he could not have the place. Upon his refusal to vacate, upon the three days' statutory notice, this action was brought. The jury returned a verdict for the defendant, and answered several special questions. Plaintiffs' motion for judgment on these findings was denied, a new trial refused, and they bring the case here for review.

The main contention of the plaintiffs was that the bond for a deed had never been delivered, and that before the defendant made the entry he was notified the trade would not be carried out and that he could not have possession.

The general verdict was against the plaintiffs, and there was abundant evidence to support it. They insist that they were entitled to a judgment on the special findings. This claim is based upon the findings of the jury, in substance, that on March 20 the former tenant surrendered possession of the hotel to the plaintiffs, and that the plaintiffs gave the statutory three days' notice before bringing the action. Counsel then say in their brief:

"It stands out bold and clear all through the findings of the jury and the evidence as quoted herein that the defendant knew and was informed by plaintiffs that they did not intend to place him in possession of the premises and that they did not intend to abide by, or fulfil, the alleged contract for a deed; and notwithstanding this defendant entered the property in question, in the absence of the plaintiffs, and between three and five o'clock in the morning of Monday, April 6, 1903, and that he refused to surrender possession on demand, and that he was still in possession at the time of the trial of this action."

The seventh question was asked and answered as follows:

"Did not D. C. Barnes, one of the plaintiffs herein, tell the defendant, Comeaux, that they were not going

to let him have the property before he entered and took possession? Ans. No."

This is the only finding in reference to this matter, and with the weight of the evidence we have nothing to do in considering a motion for judgment on the special findings. The claim that upon these findings the court should have rendered judgment in favor of the plaintiffs has no merit.

It is urged that the court committed error in admitting the bond for a deed, as the title was not involved. This was an action of forcible entry and detainer, and defendant claimed to have entered lawfully and peaceably by the verbal permission of the owners, who certainly had the right to authorize him to enter. In connection with the alleged verbal permission to enter it was competent to offer in evidence the bond for a deed, as explaining the verbal permission. It was proper for the purpose of showing the character of defendant's entry as well as the character of his detention. (*Conaway v. Gore,* 27 Kan. 122, 126, 127; 13 A. & E. Encycl. of L. 754, 756.)

We have examined the instructions and find no error in them. They correctly state the law of forcible entry and detainer as applied to the facts in evidence. The judgment is affirmed.

All the Justices concurring.