## Zahn v. Obert.

No. 140.    Opinion Filed July 13, 1909.

(103 Pac. 702.)

1.  **FORCIBLE ENTRY AND DETAINER—Title—Right to Put in Issue.** The title to real estate, where the right to possession of the same is in controversy in a forcible detainer action, may not be put in issue; such action being intended only for the trial of the right of possession.

2.  **FORCIBLE ENTRY AND DETAINER—Title of Defendant.** Where the defendant is in possession or occupying premises without color of title, it appearing that the plaintiff was the owner of the fee-simple title to said premises, and the defendant not holding under any contract with the plaintiff, held, that the plaintiff would be entitled to judgment in such forcible detainer action.

3.  **FORCIBLE ENTRY AND DETAINER—Defenses—Color of Title.** Where the defendant is in possession under a contract alleged to have been made with H. and J., as agents of C. Company, on the 5th day of October, 1903, the plaintiff having a warranty deed from said company executed on the 12th day of October,

1903, but said contract not showing on its face to have been made by or for said C. Company, and there being no legal evidence that it was made by or for said company, or that said company ever received any consideration therefor, **held,** that possession under said contract was without color of title.

4.      **SAME.** Where the defendant is in possession of premises under a quitclaim deed from a third party, executed subsequent to the institution of the forcible entry action, the plaintiff appearing to be the owner of the fee-simple title, **held,** that forcible detainer would lie.

(Syllabus by the Court.)

*Error from District Court, Caddo County; F. E. Gillette, Judge.*

Action by Ab Zahn against M. Obert. Judgment for defendant, and plaintiff brings error. Reversed.

On the 16th day of September, 1904, there was begun before W. W. Starkweather, a justice of the peace for the city of Anadarko, Caddo county, Okla. T., by a bill of particulars, wherein Ab Zahn, the plaintiff in error, was plaintiff, and M. Obert the defendant in error, was defendant, a forcible entry and detainer action for the immmediate possession of lots 7 and 8, in block 23, of the town of Hydro, in said county, alleging that said premises had been so detained since November, 1903. On the 21st day of November, 1904, the defendant answered with a general denial, and further pleaded the pendency of an action in the district court against the Caddo County Townsite Company, Davidson & Chase, C. W. Goodwin, and J. C. McKnight, brought by himself, involving the title to said lots and a former adjudication in his favor in the probate court of said county on the 26th day of April, 1904, between the Caddo County Townsite Company and himself in a forcible entry and detainer action. That on the 12th day of November, 1903, the Caddo County Townsite Company instituted an action in the probate court of Caddo county against the defendant seeking to recover rents on said lots, and on the 17th day of March, 1904, the plaintiff intervened, and on the 22d day of March, 1904, said cause was tried and resulted in a judgment in his favor. That said action was appealed by the plaintiff to the district court and was then pending and undetermined. That in the year 1904 the

plaintiff instituted his action in the district court of Canadian county against the defendant, seeking to recover rents from said lots and the possession thereof. That said action was still pending and undetermined. That the question of title was involved in this action, and the court had no jurisdiction to try and determine the same. That there is another action pending between the same parties involving the same subject-matter, which is undetermined, and for that reason the court has no jurisdiction, etc. That the Caddo County Townsite Company never was the legal or equitable owner of said property, and the plaintiff was neither the owner thereof nor had any interest therein, but is seeking to recover possession of the same as the agent of said townsite company. That in May, 1904, an application was made to the Honorable F. E. Gillette, judge of the district court of Caddo county, asking that a receiver be appointed of said property, and on the 31st day of May, 1904, Carl Judge was appointed receiver.

On the 21st day of September, 1904, a trial was had before the justice in this action, and judgment rendered against the defendant for the restitution of the property to the plaintiff, and said action was duly appealed to the district court of Caddo county. On the 10th day of April, 1907, in said court, the defendant filed an amended answer, alleging, in addition to the defenses theretofore pleaded: That plaintiff's claim of title to said lots was derived from a deed made to him by the Caddo County Townsite Company, an alleged corporation, executed in the year 1903; that no consideration whatever passed from the plaintiff to said townsite company for said lots; that under an agreement with said company plaintiff was to pay it nothing for said lots until such time as said company should clear title thereto, and at the time said deed was made the defendant was in the quiet, uninterrupted and undisturbed possession thereof under a claim of title thereto, all of which was known to the plaintiff at the time he took said deed; that the defendant has been in the possession of said lots

since the year 1902, and has paid for and made valuable improvements thereon, and has paid the taxes levied and assessed against said property at all times since he went into possession thereof; that neither the plaintiff, nor his grantor, ever had or possessed any valid title to said lots; that said Caddo County Townsite Company was organized as a corporation on the 21st day of September, 1901, for the specified purpose of locating townsites in Oklahoma Territory, platting the same into lots, blocks, parks, streets, and alleys, and to purchase, own and sell real estate in said territory; that the secretary of said territory was without authority to issue a charter to said company for such purpose and said company had no corporate existence to acquire such property. Further: That the defendant is the equitable owner of said property by virtue of an agreement made on the 5th day of October, 1903, by and between himself and Hungate and Judge, the alleged agents of the Caddo County Townsite Company, which contract recites that the defendant agreed to pay a consideration for said lots of the sum of $1,650, $50 of which to be paid in cash as earnest money, and $250 to be paid before the 26th day of October, 1903, to said Hungate and Judge, as agents, at which time notes aggregating the balance of the said $1,650, with a mortgage on said land, should be-executed; but the contract does not say to whom—whether to the agents or to the undisclosed principal. Upon the happening of such contingencies, the party of the second part was then to furnish a warranty deed to the party of the first part, which condition not complied with the said Hungate and Judge were to refund to the party of the first part the said earnest money in the sum of $50.

The contract does not purport to be, nor is it, executed in the name of the Caddo County Townsite Company; nor is there any evidence introduced in this record to show that Hungate and Judge were authorized agents of said townsite company. The defendant testified: That he had been living upon the property since the 1st of June, 1902; that he did not have any evidence of title other than said contract and a quitclaim deed from J. C.

McKnight, dated June 27, 1905.  Plaintiff offered in evidence the journal entry in the case of Ab Zahn v. M. Obert, in the district court of Canadian county, and the petition, answer, and reply filed in said case, which showed that in said case, which was instituted on the 22d day of March, 1904, a judgment was rendered in favor of the plaintiff and against the defendant on April 12, 1907, adjudging that the plaintiff was the owner of said lots 7 and 8 and entitled to the rent thereon from October 23, 1903, to the date on which said action was begun.  There was no contention that the notes or the mortgage had ever been executed, or that the warranty deed had ever been executed and delivered. The plaintiff offered to prove that he had the record and legal title from the government of the United States to himself, and that the defendant went into possession of said property as a trespasser without color of right or title.  The record recites:

"The plaintiff produced his evidence and rested, and the defendant was presented as a witness in his own behalf, and the court finds that the question of title to real estate is involved, whereupon the court finds that said cause should be dismissed and the jury discharged from hearing further evidence or further considering said cause."

And the action was dismissed over plaintiff's objection. Plaintiff prosecuted an appeal by petition in error to this court, and it is properly here now for review.

*E. E. Blake* and *A. T. Boys*, for plaintiff in error, citing: *McDonald v. Stiles,* 7 Okla. 327; *Brown v. Hartshorne,* 12 Okla. 121; *McQuiston v Walton,* 12 Okla. 130; *Oklahoma City v. Hill* 4 Okla. 521.

*C. G. Hornor, J. D. Chappelle, Dyke Ballinger,* and *A. J. Morris,* for defendant in error, citing:  Wilson's Rev. & Ann. St. 1903, § 2112; *McDonald v. Stiles,* 7 Okla. 327.

WILLIAMS.  J. (after stating the facts as above).  The only question essential for the determination of this case is whether or not the court erred in finding that the question of title to real

estate was involved in said case, and discharging the jury and dismissing the same.

Under the laws of the territory of Oklahoma, justices of the peace have original jurisdiction to try actions for forcible entry and detainer or detainer only, of real property. Section 4929, Wilson's Rev. & Ann. St. 1903; chapter 67, art. 1, § 2, Code Civ. Proc. *McDonald v. Stiles,* 7 Okla. 328, 54 Pac. 487. The title to real estate, where the right to possession of the same is in controversy, in a forcible detainer action, may not be put in issue so as to adjudicate such title, for in such action the title, as such, cannot be determined; it being merely intended that only the right to possession should be tried in such an action. *Oklahoma City v. Hill,* 4 Okla. 531, 46 Pac. 568; *Chisholm v. Weise,* 5 Okla. 217, 47 Pac. 1086; *Brown v. Hartshorne,* 12 Okla. 121, 69 Pac. 1049; *McQuiston v. Walton,* 12 Okla. 130, 69 Pac. 1048; *Conaway v. Gore,* 27 Kan. 122; *Buettinger v. Hurley,* 34 Kan. 585, 9 Pac. 197; *Ow v. Wickham,* 38 Kan. 225, 16 Pac. 335; *McClain v. Jones,* 60 Kan. 639, 57 Pac. 500.

For the reason that title may not be adjudicated and finally determined in a forcible detainer action, it is provided that neither before a justice of the peace nor in the district court, in such action, shall such judgement be a bar to any other action brought by either party. See section 5088, Wilson's Rev. & Ann. St. 1903; chapter 67, art. 13, § 161, Code Civ. Proc. When a party seeks to have title adjudicated in such an action, or to oust the court of jurisdiction by such an averment, such allegation should be stricken out upon motion. Section 5934, Wilson's Rev. & Ann. St. 1903 (chapter 67, art. 1, § 7, Code Civ. Proc.), providing that:

"If in any action commenced before a justice it appears to the satisfaction of the justice that the title or boundaries of land is in dispute in such action, said action shall be stayed before said justice, and said justice shall, within ten days thereafter, certify said case, and transmit all papers and process therein to the clerk of the district court of his county, and said case

shall be docketed and thereafter proceeded within the district court as if originally commenced therein; * * * "—
in this jurisdiction does not apply to forcible detainer actions. *McDonald v. Stiles*, 7 Okla. 328, 54 Pac. 487; *Armour v. Howe*, 62 Kan. 588, 64 Pac. 42.

The case of *Torrey v. Berke*, 11 S. D. 157, 76 N. W. 302, in construing section 9, art. 2, c. 1, p. 1075, Rev. Codes S. D. 1903, which provides:

"The parties to an action in a justice's court cannot introduce evidence upon any matter wherein the title to, or boundary of, real property in anywise comes in question; and if it appear from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve the question of title to, or boundary of, real property, in anywise, the justice must suspend all further proceedings in the action, and certify the pleadings, and if any of the pleadings are oral, a transcript of the same from his docket, to the clerk of the circuit court of the county or subdivision," etc.—
appears to be in conflict with the rule announced by the Supreme Court of Kansas and Oklahoma Territory. But by reference to section 47, art. 8, c. 1, p. 1081, it will be found that, as to forcible entry and detainer actions, it is provided that:

"The complaint must be in writing, and verified by the plaintiff, his agent, or attorney, and the proceedings may be had before any justice of the peace of the county where the premises are situated, and shall be governed by the same rules as other cases before justices of the peace, except as herein modified: Provided, that when the title to, or boundary of, the real property, in anywise comes in question, the case shall be certified to the circuit court as in this chapter provided."

No such provision was contained in the statutes of Kansas or Oklahoma Territory.

For the purpose of this case, under the tender of evidence on the part of the plaintiff in error, it will be assumed that he had the legal title in himself, and that the Caddo County Townsite Company, through whom he deraigned title, had the capacity both to acquire and convey to him the property in question.

The question further arises as to whether or not the defend-

ant in error occupied said land with such color of title as would defeat this action. The executory contract relied upon by the defendant in error was neither made in the name of the Caddo County Townsite Company, nor was there any proof offered to show that the alleged agents were authorized to make such a contract. Hence it is not essential, under the facts, to determine as to whether or not a contract made in the name of the agent of the owner of real estate, by virtue of parol authority, could bind such owner so as to vest an equitable title in the vendee. There is no evidence that the townsite company ever received the $50, or any part of it, that was paid to Hungate and Judge, and no question of estoppel therefore could arise; nor do the facts in this record bring the case within the rule in the case of *Smith v. Kirchner,* 7 Okla. 169, 54 Pac. 439, wherein it was held that where the defendant was in possession of a tract of land under contract to convey title, same constituting a contract of sale, the right of possession of the defendant rested under such equity, remaining so long as the contract existed, and could not be terminated and converted into a tenancy without the consent of all parties thereto, and the possession could not be construed to be unlawful until the contract was finally determined, which could not be done in an action of forcible entry and detainer. The rule in that case appears to have been followed, also, in the cases of *Dysart et al. v. Enslow,* 7 Okla. 386, 54 Pac. 550; *Alderman v. Boeken,* 25 Kan. 660 (2d Ann. Ed. 461), and *Kellogg v. Lewis,* 28 Kan. 535. The case of *Conaway v. Gore et al.,* 27 Kan. 122, also appears to harmonize with the rule announced by the foregoing cases. The defendants in that case proved their equitable title as against the legal title, and possession by virtue of the equitable title from plaintiff defeated the claim of such plaintiff in forcible detainer. The only difference is that, under the rule in the foregoing cases, it appears that, when an occupier of lands and tenements has color of title from the plaintiff or his grantor, the action will not lie, and in effect *Conaway v. Gore et al., supra,* conforms therewith. Nebraska, which has exact statutes relating

to forcible detainer (sections 1962-1965, Cobbey's Ann. St. Neb. 1907, vol. 1), is also in accord with the case of *Smith v. Kirchner, supra.* Ohio, also, has the same statutes (sections 6599-6602, Bates' Ann. St. Ohio, vol. 2 [4th Ed.]), and the courts of that state are also in accord with the decisions of Oklahoma. *Brennan v. Cist,* 9 Ohio S. & C. P. Dec. 18, 6 Ohio N. P. 1; *Schmidt v. Schmidt,* 13 Ohio S. & C. P. Dec. 666, 10 Ohio N. P. 177.

In this case, with the assumption that plaintiff had an unbroken legal title and offered to prove that the defendant went into possession of said property as a trespasser, and occupied the same without color of right or title, all the proof having been offered by the defendant to the effect that after he went into possession he entered into a contract with Hungate and Judge, which contract does not purport to bind the owner of the fee to grant an equitable title to the defendant, and the further claim of a quitclaim deed from a third party, in whom there is no claim that the fee rested, such was not sufficient proof to show that he occupied or held said property under color of title so as to defeat a forcible detainer action.

As to what effect the adjudication by the judgment rendered on April 12, 1907, in the suit for rents, would have, we do not determine in this case, because the question is not briefed. True, that action was instituted before this forcible detainer action; but the judgment, having been rendered after the forcible detainer action was begun, as to what effect that judgment may have in the determination of the forcible detainer action is not passed on in this case.

Counsel for defendant in error insists that the title of plaintiff in error is void, by virtue of sections 2111 and 2112, Wilson's Rev. & Ann. St. 1903; but can the validity of a deed be raised in a forcible detainer action, a justice of the peace not having the power to determine the question of title? It is not essential to dispose of that question in this case, for the record shows that the defendant in error was not in possession of said premises under color of title for as long a period as one year before the

plaintiff in error procured the legal title by deed, and there is no contention that said property was in controversy in any pending suit at that time. *Jennings v. Brown,* 20 Okla. 294, 94 Pac. 557; *Huston v. Scott et al.,* 20 Okla. 142, 94 Pac. 512.

The judgment of the lower court is reversed, with instructions to reinstate this cause and proceed in accordance with this opinion.

All the Justices concur.