## HOWARD *et al.* v. DAVIS.

No. 2979. Opinion Filed November 4, 1913.

(136 Pac. 401.)

1. **FORCIBLE ENTRY AND DETAINER—Right of Action—Person Dispossessed.** An action may be maintained against any person who commits a forcible entry and ouster, even though the latter is the owner of the property and entitled to the immediate possession, if the plaintiff had, at the time of the ouster, the actual and peaceable possession thereof.

2. **SAME—Evidence—Title.** Deeds or other muniments of title may be offered in evidence in a forcible entry and detainer suit for the purpose of showing the character of a party's entry and possession, and to uphold the possession when once peaceably obtained.

(Syllabus by the Court.)

*Error from County Court, Love County;*
*R. A. Keller, Judge.*

Action by Annis Davis against Ben Howard and another. Judgment for defendants, and from an order granting a new trial they bring error. Affirmed.

*A. Eddleman* and *J. C. Graham,* for plaintiffs in error.

*Wm. Pfeiffer,* for defendant in error.

LOOFBOURROW, J. This case involves the right of possession to a certain tract of land consisting of 40 acres, the same being about sixteen miles southeast of Ardmore. There is no conflict in the testimony, and the evidence discloses: That

in January, 1910, Frank Wilson and Annis Wilson were in possession of the tract of land in controversy, and had been for a number of years. That the tract was cultivated land, and that there was a house and some other improvements thereon. That on the 10th day of January, 1910, said parties executed a deed to the land to one J. C. Graham. That Frank and Annis Wilson were to retain possession of the property and be entitled to the rents and profits therefrom for that year, and were to surrender possession to Graham in January, 1911. That Frank Wilson and Annis Wilson ceased to be husband and wife, and Annis Wilson became Annis Davis. That she leased the premises to Frank Wilson for the year 1910. That in September, 1910, Graham deeded the land to Hardy Grant. That Annis Davis remained in possession of the land through her tenant, Frank Wilson, until about the 9th day of January, 1911. That the house on the premises was unoccupied, and Wilson boarded up the windows and nailed up the door. That on the 6th day of January, 1911, Hardy Grant served notice on Wilson to vacate the premises. That on the 9th day of January Ben Howard, as the lessee of Hardy Grant, moved into the house against the protest and over the objection of Wilson; Wilson then being in actual, peaceable possession and having corn in the field. That on January 13, 1911, Annis Davis commenced this action for forcible entry and detainer against Ben Howard and Hardy Grant. The case was tried in the justice court, and appealed to the county court. The jury returned a verdict in the county court in favor of the defendants Ben Howard and Hardy Grant, and judgment was rendered thereon, and on the same day the plaintiff below, defendant in error, Annis Davis, filed motion for new trial, and on the 30th day of June, 1911, the judge of the county court granted a new trial, reciting in the order granting a new trial "that the court erred in permitting testimony over the objection of plaintiff, which placed in issue the title to the lands in question," which appears to have been the sole reason for granting the new trial. To the court's granting a new trial, the defendants excepted, and appealed from such order to this court.

Counsel for plaintiffs in error, in their brief, rely upon the following assignment of error for a reversal of this case:

"Second. That the court erred in setting aside the verdict of the jury and judgment of the court and awarding defendant in error a new trial."

Under the laws of this state neither justices of the peace courts nor county courts have jurisdiction to try cases involving the title or boundaries to land, and such issue cannot be litigated in a forcible entry and detainer proceeding, but it is a well-settled fact that "deeds or other muniments of title may be offered in evidence in a forcible entry and detainer suit for the purpose of showing the character of a party's entry and possession and to uphold the possession when once peaceably obtained." *Conaway v. Gore,* 27 Kan. 122; *West v. Comeaux,* 73 Kan. 271, 85 Pac. 138; *McDonald v. Stiles,* 7 Okla. 327, 54 Pac. 487; *City of Oklahoma City v. Hill,* 4 Okla. 521, 46 Pac. 568; *Chisholm v. Weise,* 5 Okla. 217, 47 Pac. 1086; *Vansellous v. Huene,* 26 Okla. 243, 108 Pac. 1102; *Anderson v. Ferguson,* 12 Okla. 307, 71 Pac. 225.

In this case, however, it was error to admit the deeds in evidence, for the reason that the undisputed testimony discloses that the possession of Howard and Grant was not obtained peaceably and without force. They went upon the premises and moved into the house while Wilson, the tenant of Davis, was objecting and protesting against their doing so. Our statute is taken from Kansas, and that court, in the case of *Peyton v. Peyton,* 34 Kan. 624, 9 Pac. 479, states:

"An action may be maintained against any person who commits a forcible entry and ouster, even though the latter is the owner of the property, and entitled to the immediate possession, if the plaintiff had at the time of the ouster the actual and peaceable possession thereof." (Citing *Campbell v. Coonradt,* 22 Kan. 704; *Conaway v. Gore,* 27 Kan. 127; *Burdette v. Corgan,* 27 Kan. 275; *Emsley v. Bennett,* 37 Iowa, 15).

In the case of *Brown v. Feagins,* 37 Neb. 256, 55 N. W. 1048, is held:

"An action for the forcible detention of real property may be maintained by one whose complete possession thereof has been ended by the wrongful entry of another, even though such

entry was made under claim of a paramount title."

See, also, *Iron Mountain v. Johnson,* 119 U. S. 608, 7 Sup. Ct. 339, 30 L. Ed. 504.

These cases were cited and the doctrine followed in an opinion by Justice Bierer in the case of *City of Oklahoma City v. Hill et al.,* 4 Okla. 521, 46 Pac. 568, which was quoted with approval in the case of *Chisholm et al. v. Weise,* 5 Okla. 217, at page 220, 47 Pac. 1086, at page 1087. In the latter case the following language is used:

"The general purpose of the statute does not regard the actual condition of the title of the property, but where any person is in the peaceable and quiet possession of it, he shall not be turned out by force, by violence, or by terror. The party so using force and acquiring possession may have a superior title, or may have the better right to the present possession; but the policy of the law is to prevent disturbances of the public peace and to forbid any person righting himself by his own hands and by violence, and requiring that the party who has obtained possession in this manner shall restore it to the party from whom it has been so obtained. The party out of possession must resort to legal means to obtain possession if he be entitled thereto."

Applying this rule to the evidence in this case it is clear that the motion for a new trial was properly granted.

The judgment of the lower court is affirmed.

All the Justices concur.