## ALEXANDER et al. v. HOWARD et al.

No. 8543—Opinion Filed Aug. 20, 1918.

(174 Pac. 745.)

### Forcible Entry and Detainer—Directed Verdict—Evidence.

Where there is any competent evidence tending to support the theory of the plaintiff in a forcible entry and detainer action, it is error for the trial court to direct a verdict against him.

(Opinion by Hooker, C.)

Error from County Court, Tillman County; W. C. Luckenbill, Judge.

Action of forcible detainer by J. W. Alexander and another against C. W. Howard and another. From a judgment of the county court in favor of defendants, on appeal from a judgment of a justice court, plaintiffs bring error. Reversed, and cause remanded for a new trial.

Mounts & Davis, for plaintiffs in error.

Wilson & Roe, for defendants in error.

Opinion by HOOKER, C. This is a forcible detainer action commenced by the plaintiffs in error against the defendants in error in the justice's court, wherein judgment was rendered in their favor and an appeal had to the county court of Tillman county. Upon the trial in the county court judgment was rendered by the court in favor of the defendants in error, and to reverse which an appeal is had to this court.

The facts here disclose that in January, 1915, the plaintiff in error, Alexander, was in peaceful possession of real estate involved in this action; that on that date the sheriff of Tillman county levied an attachment upon certain personal property stored in a building upon this real estate, and the sheriff at that time locked the building and took possession thereof from Alexander. It is contended by the plaintiffs in error that the sheriff thereafter refused to render possession of this building to Alexander, or to permit him to regain possession, but that said sheriff, in collusion with defendant in error, Howard, refused him possession, and finally surrendered possession to Howard of said building over his protest. It is contended by the defendants in error that, while Alexander was in possession at the time of the levy of this attachment, the sheriff only retained possession of the building while the personal property was stored therein, and that when the personal property was sold, the sheriff no longer retained said building, but that the same became vacant and unkempt, and that said Howard individually, free from any collusion with said sheriff, purchased the property from the owner and entered into possession thereof, and now retains the same as his own.

There is sufficient evidence introduced in this case to justify this cause to be submitted to the jury upon the theory of the plaintiff in error. It is an admitted fact that Alexander was in possession of the property for a number of years; that he had peaceful possession in January, 1915; that he was forcibly ejected therefrom by the sheriff of Tillman county; and there is some evidence to show that the sheriff, after the personal property which was stored therein was sold, refused to surrender possession to him, and had surrendered the possession to Howard over his protest and objection. Alexander was entitled to have his theory of the case submitted to the jury, and it was error for the trial court to instruct a verdict in favor of the defendants in error and to refuse to submit the case to a jury. It is apparent from this record that the plaintiff in error Alexander was in peaceful possession of this property; that he was ejected therefrom by

force and possession withheld from him by force, and, under the authority of this court having the right of possession, may maintain this action to recover the possession thereof. This court in Brown v. Mayhall, 63 Okla. 268, 164 Pac. 973, said:

"The action of forcible entry and detainer is possessory in its nature, and has for its purpose the restitution of possession of lands and tenements to one who has been deprived of such possession by force. The right to maintain the action is not determined by plaintiff's right of possession, but by whether he has been in possession and such possession has been taken from him by force; and, unless otherwise provided by statute, a person who has never been in possession of lands cannot maintain the action."

In Howard v. Davis, 40 Okla. 86, 136 Pac. 401, this court said:

"An action may be maintained against any person who commits a forcible entry and ouster, even though the latter is the owner of the property, and entitled to the immediate possession, if the plaintiff had at the time of the ouster the actual and peaceful possession thereof."

The judgment of the lower court is therefore reversed, and this cause is remanded for a new trial.

By the Court: It is so ordered.