GEORGE P. UHL, PLAINTIFF IN ERROR, v. J. M. PENCE, DEFENDANT IN ERROR.

1. **Forcible Entry and Detention:** JURISDICTION OF COUNTY COURT. County judges have jurisdiction of actions for the forcible entry and detention of real property.

2. **Landlord and Tenant:** TENANCY AT WILL. G. B. U. being in possession of a house which he claimed as owner, sold the same on credit to F. H. R., gave him a title bond therefor, and

put him in possession. R. remained in possession until the last installment became due, never paid anything on the property, but disappeared, and J. M. P. was found in possession. *Held,* That *prima facie* G. P. U. was entitled to a judgment for the possession of the house.

ERROR to the district court for Richardson county. Tried below by WEAVER, J.

*George P. Uhl, pro se.*

*Reavis & Thomas* and *Clarence Gillespie* for defendant in error.

COBB, J.

The plaintiff in error was the owner of lots three and four, in block sixty-five, in Falls City, and was also the owner of a house situated on lots one and two in the same block, and on the 5th day of May, 1873, he sold said property, to-wit: said lots three and four, and the house standing on lots one and two, to F. H. Raw for one hundred and sixty-eight dollars, payable in installments of twenty-four dollars each, payable, with ten per cent interest respectively, in seven, ten, twelve, fifteen, eighteen, twenty-one, and twenty-four months, and executed and delivered to the said Raw a bond in the penalty of four hundred dollars to convey said property to Katherine Raw, wife of said F. H. Raw, upon the prompt payment of said several sums and interest at the said several dates respectively, and providing that if the said F. H. Raw should fail in making prompt payment of said sums of money as the same should become due as therein provided, then the said sale should be void and of no effect, and all the property thereby intended to be conveyed and all improvements thereon should be and remain in the said Geo. P. Uhl.

In this bond nothing is said about the possession of the property during the time which the notes had to run, but the plaintiff in error, who was sworn as a witness at the trial on his own behalf, testified that on the twenty-fifth of March, 1873, he put the said Raw in possession, and that he remained in possession from that time until the twenty-fifth or twenty-sixth day of September, 1879, when he vacated the premises, and the defendant in error was found in possession.    Thereupon plaintiff in error notified defendant in error to quit the premises, and soon after commenced proceedings against him before the county judge in forcible entry and detention.    In the notice and complaint the property is described as "the house and lots Nos. one and two in block 65," etc.

Upon the trial the plaintiff in error testified, as hereinbefore stated, in his own behalf, also that the said F. H. Raw never paid any part of the purchase money for said premises, and that he—the affiant—was then the owner and holder of the said notes.    He also offered to testify that at the time he sold the said premises to the said Raw he "owned" them, which upon objection was ruled out.    He also introduced the title bond to said Raw, hereinbefore described.    He also offered a decree of the district court of Richardson county in a certain action then pending in said court, wherein George P. Uhl was plaintiff, and F. H. Raw, Kate Raw, F. M. Dorrington, and John F. Harkendorff were defendants, and in and by which decree, as against the defendants F. H. Raw and Kate Raw, the court decreed the title in and to "the house and building on lots one and two, and lots three and four in block 65," etc., to be in the plaintiff, which offer was on objection rejected.    The plaintiff also called the defendant J. M. Pence, who testified that he was in the possession of the premises, and that he did not get the possession

through the plaintiff. He also admitted that F. H. Raw obtained the possession of said premises solely and only by virtue of the title bond offered in evidence.

Whereupon the plaintiff rested, and on motion the court dismissed the cause for want of sufficient testimony to put the defendant upon his defense.

The plaintiff then took the cause to the district court, where the same was dismissed by the said court finding that the said county judge had no power, under the statute, to take jurisdiction in this cause. And thereupon the cause comes to this court on petition in error.

This court has held in the case of *Bluco v. Haller*, 9 Neb., 149, that county courts have jurisdiction in actions of this character. So that so far as that point is concerned there can be no doubt that the district court erred in dismissing the case, and yet unless the plaintiff had made out a case on the merits, the judgment cannot be disturbed.

The proof is clear that the plaintiff was in possession of the house in question, claiming to be owner of it, in 1873, at which time he sold it on credit to Raw, giving a title bond therefor, and put him in possession. Raw occupied the premises under said sale and title bond for five or six years, never paying any part of the purchase money, when he disappears and the defendant is. found in possession.

Under the facts proved, upon the entire failure of Raw to pay the purchase money according to the terms of the title bond, he became the tenant at will of the plaintiff. Being such, he could not have put the defendant in legal possession. His attempt to do so would have terminated his own tenancy without advantage to the defendant. But defendant in his testimony admitted that he did not get the possession of the premises through the said Raw.

Conceding that plaintiff was in the legal possession

of the premises at the time he let Raw into possession, then it appears *prima facie* from the proof that he was entitled to the possession upon the termination of Raw's tenancy at will, by whatever means.   True there may be an outstanding paramount title under which the defendant holds, but that will not be presumed, but must be shown even in this class of cases, either by pleading, or proof, or both.

I therefore come to the conclusion that the district court erred in dismissing the cause, and that such judgment must be reversed and the cause remanded for further proceedings

REVERSED AND REMANDED.