## JOHN ALDERMAN V. B. BOEKEN.

1. FORCIBLE DETAINER, *When Not Maintainable.* Where a person has been in the actual and visible possession of real estate for over two years, under equitable color of title, no action of forcible detainer can be maintained against him: first, because of such possession for over two years; and second, because he holds the possession with color of title.

2. POSSESSION OF LAND, *With Color of Title.* Where the owner of real estate enters into a written contract with another to sell and convey such real estate to the other, giving the other the right to the possession of such real estate; and a portion of the purchase-money is paid to the owner of the real estate; and the purchaser takes possession of the property, under such contract, and makes lasting and valuable improvements thereon; and afterward he sells his interest in the property and in the contract to the defendant; and the defendant takes possession of the property and of the written contract, and makes lasting and valuable improvements on the property; but the contract is not assigned by any written assignment: nevertheless, *held,* that the defendant holds possession of the property with color of title.

### *Error from Allen District Court.*

ACTION of forcible detainer, brought by *Boeken* against *Alderman.* Trial at the March Term, 1880, of the district court, and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*Hutchings & Denison,* and *Richards & Simpson,* for plaintiff in error.

*L. W. Keplinger, J. O. Fife,* and *G. A. Amos,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of forcible detainer, brought by B. Boeken against John Alderman, under article 13 of the justices' code, (Comp. Laws of 1879, p. 727,) to obtain restitution of a quarter-section of land from Alderman as "a settler or occupier of lands or tenements without color of title." The action was commenced on October 27, 1879.

The complaint charges that Alderman, "on or before the first day of October, 1879," "without any color of title, settled upon and occupied" the land in controversy, and "does unlawfully and forcibly detain said premises" from the plaintiff. Judgment was rendered in favor of the plaintiff in the justice's court, and the defendant appealed to the district court, where judgment was again rendered in favor of the plaintiff; and the defendant now brings the case to this court.

The principal defenses of the defendant are: *First*, That he settled upon and occupied said land *with* color of title; *second*, that he occupied the same for more than two years before this action was commenced. (Civil Code, § 16, sub. 5.) It is claimed by the defendant that evidence was introduced in the court below tending to prove both of these defenses. And yet he claims that the court below erroneously refused to give any instructions with regard to said defenses, but gave the following instruction, to wit: "Gentlemen of the jury: The court instructs you that under the law and the evidence of this case it is your duty to find for the plaintiff." Under this instruction the jury found a verdict in favor of the plaintiff; and the court, after overruling the defendant's motion for a new trial, rendered judgment in accordance with the verdict.

It seems from the evidence, that the plaintiff holds title by a regular chain from the original patentee down to himself; while the defendant never held by any absolute title. The land was a part of the lands granted by the United States to the Union Pacific railway company, southern branch, now Missouri, Kansas & Texas railway company, by the act of congress of July 26, 1866. (14 U. S. Stat. at Large, 289.) On August 16, 1870, the M. K. & T. Rly. Co. entered into a written contract to sell and convey the land in controversy to C. D. Trimble, and in such contract acknowledged the receipt of a portion of the purchase-money. Under this contract Trimble and his assigns had a right to the possession of the property. On March 2, 1872, Trimble assigned this contract

to Charles W. Coit, who went into possession of the land under this contract and assignment, and made lasting and valuable improvements thereon; and while so in possession, and in March, 1877, sold all his interest in the land and in the contract to the defendant, who took possession of the property and made valuable improvements thereon. The evidence tended to prove that the defendant has been in possession of the property ever since; that this possession was actual, open and visible, and that he claimed an interest in the land in good faith. At the time that Coit assigned his interest in the land and in the contract to the defendant, he did not make any written assignment of the contract, nor did he enter into any written contract of any kind with the defendant; but simply delivered the possession of the land and the possession of the contract to the defendant. Afterward, and on October 21, 1879, which was only a few days before this action was begun, Coit assigned the contract by a written though informal assignment to the defendant Alderman. It will therefore be seen that the defendant claims title (whatever his title may be) through C. W. Coit, C. D. Trimble and the M. K. & T. Rly. Co., which was the original patentee. The plaintiff also claims title through C. D. Trimble, his immediate grantor, and through Nelson Burnham and the M. K. & T. Rly. Co. We think that the evidence tended at least to prove both of the defendant's defenses. We think that his possession was under color of title, and that he had had the possession of the property for more than two years before this action was brought; and therefore we think that the court below erred in its instructions. It was not shown that the defendant resided upon the property all the time that he was in the possession thereof; nor was it necessary that such should be shown. We do not think that it was necessary that he should have resided upon the property at all. Proof of actual and visible possession was sufficient. It is not necessary for us to decide that the jury should have found in favor of the defendant, if proper instructions had been given. All that is necessary for us to decide, in order to re-

verse the judgment of the court below, is, that evidence was introduced tending to prove the defendant's defenses, and that the questions which this evidence presented should have been submitted to the jury. We think that the statute which authorizes an action of forcible detainer against a person who "is a settler or occupier of lands or tenements without color of title," intends to give an action only where the settler or occupier has no color of title, either legal or equitable. If he has color of title in equity, we think that is sufficient to defeat the action. Color of title, in equity, without any absolute title, we think is sufficient to defeat the action. Besides, actions of forcible entry and detainer, or forcible detainer, are not to be encouraged against persons who have long been in possession of real estate, supposing that they had some kind of interest therein, and who have made improvements thereon, whatever the rights or interest of such persons may be. Ejectment, under § 595 of the civil code, is a more appropriate remedy in such cases. Counsel for defendant in error, plaintiff below, almost admit that no cause of action for forcible detainer has ever accrued in favor of their client or against the defendant below. And they do this upon the ground that the possession and detainer of the defendant below was not very "forcible." The defendant's possession was undoubtedly adverse, and, by a sort of legal fiction, it was also "forcible." But whether it was "forcible" or not, we think the plaintiff below so far failed in maintaining his action that the court below erred in instructing the jury to find for the plaintiff as it did, and also erred in overruling the defendant's motion for a new trial.

The judgment of the court below will therefore be reversed, and the cause remanded for a new trial.

All the Justices concurring.