CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. TOMA SKUPA, DEFENDANT IN ERROR.

16 341
16 349
17 672
20 365
22 234
24 768
16 341
25 95
16 341
37 841

**Forcible Entry and Detention.** An action of forcible detainer cannot be maintained by a vendor of real estate against a purchaser who is in possession under his contract of purchase and has made default in the payment of a part of the purchase price, even though the contract provides that time is the essence of the contract and a failure to pay promptly as the payments become due shall work a forfeiture of the contract and the vendor be entitled to the possession of the land.

ERROR to the district court for Saline county. Tried below before POUND, J., sitting for MORRIS, J.

*Marquett, Deweese & Hall,* for plaintiff in error, cited: *B. & M. v. Lent,* 11 Neb., 201. *Phelps v. R. R.,* 63 Ill., 468. *Iowa v. Mickel,* 41 Iowa, 402. *Uhl v. Pence,* 11 Neb., 316.

*E. S. Abbott,* for defendant in error, cited: *Dakin v. Allen,* 8 Cush., 33. *Myers v. Koenig,* 5 Neb., 419. *Leach v. Sutphen,* 11 Id., 527. *Streeter v. Rolph,* 13 Id., 388.

REESE, J.

This action was instituted before a justice of the peace for the possession of certain real estate under the provisions of chapter ten of the civil code, entitled "Actions for the forcible entry and detention, or forcible detention only, of property." On the trial before the justice of the peace the following facts were agreed to as a part of the evidence in the case:

"It is agreed by the defendant that the land in controversy was duly patented by the United States to the Burlington and Missouri River Railroad Company in Nebraska,

and that the Burlington and Missouri River Railroad Company did on the ......... day of ......... duly execute and deliver a deed to the land in controversy to the Chicago, Burlington and Quincy Railroad Company. That the Burlington and Missouri River Railroad Company in Nebraska sold upon a contract to this defendant the land in controversy, on August 5th, 1879, and defendant went into possession. That on the 8th day of May, A.D. 1883, the defendant was in default of payments which had become due on said contract, and said payments on that date were due and unpaid. That on the 8th day of May, A.D. 1883, said contract was duly canceled and declared forfeited by J. D. McFarland, land commissioner for the said plaintiff. That on the 2d day of July, A.D. 1883, notice marked exhibit ' A,' was served upon the defendant."

The notice referred to as exhibit " A " was the usual notice to quit, served before the commencement of the action. The contract under which the defendant held and claimed to hold possession was the usual contract executed by the plaintiff to purchasers of its lands, and was introduced in evidence on the trial; also the fact of the failure on the part of the defendant to make the payments as they matured, with the dates of their maturity, showing a failure to make payments as follows: August 5th, 1880, $24.62; August 5, 1881, $24.62; August 5, 1882, $24.62.

Upon the introduction of this proof the justice, on motion of the defendant, dismissed the cause for want of jurisdiction. The plaintiff excepted to the ruling of the justice and removed the cause to the district court on error, where the decision of the justice of the peace was affirmed, and it now prosecutes the case in this court by proceedings in error, alleging that the district court erred in sustaining the decision of the justice of the peace.

A number of questions are presented by the record for decision, but as the view taken by this court renders it unnecessary to notice but one, we will give our attention

to that one alone, and that is whether or not an action of "forcible detention" under the provisions of our code can be maintained in a case of this kind. In other words, whether a vendor of real estate, where the vendee has taken possession of the land under the contract, is entitled to this remedy in case of a failure on the part of the vendee to make the payments in accordance with the terms of the agreement or contract of sale.

The contract above referred to contains the following provisions:

"And in case the second party shall fail to make the payments aforesaid, and each of them punctually, and upon the strict terms and times above limited, and likewise to perform all and each of his agreements and stipulations aforesaid, strictly and literally without any failure or default, then this contract, so far as it may bind the first party, shall become utterly null and void, and all rights and interests hereby created, or then existing in favor of the second party, or derived from him, shall utterly cease and determine, and the right of possession and all equitable and legal interests in the premises hereby contracted shall revert to and revest in said first party, without any declaration of forfeiture or act of re-entry, or any other act of said first party to be performed, and without any right of said second party of reclamation or compensation for moneys paid or services performed, as absolutely, fully, and perfectly, as if this contract had never been made.

"And said party of the first part shall have the right, immediately upon the failure of the party of the second part to comply with the stipulations of this contract, to enter upon the land aforesaid, and take immediate possession thereof, together with the improvements and appurtenances thereto belonging. And the said party of the second part covenants and agrees that he will surrender unto the said party of the first part the said land, appur-

tenances, and improvements, without delay or hindrance, and waives all right he may have of going into any court to maintain the possession of the same.

"And the party of the second part covenants and agrees that if he is allowed to remain in possession of the land after default, he shall hold his possession as tenant at will to the party of the first part."

The question thus presented is not whether the plaintiff can, in a proper action, declare the contract at an end and obtain the possession of the land, providing the defendant has no equities to assert, but whether that possession can be obtained in an action for the forcible detention of the property.

The provisions of the code of this state upon the subject of the forcible detention of real estate, in so far as they have any bearing upon this case, are as follows:

"Sec. 1019. Any justice, within his proper county, shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same as against those who, having a lawful and peaceable entry into lands or tenements, unlawfully and by force hold the same; and if it be found upon such inquiry that an unlawful and forcible entry has been made, and that the same lands and tenements are held by force, or that the same, after a lawful entry, are held unlawfully, then said justice shall cause the party complaining to have restitution thereof.

"Sec. 1020. Proceedings under this article may be had in all cases against tenants holding over their terms; in sales of real estate on executions, orders, or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made; in sales by executors, administrators, or guardians, and on partition, when any of the parties to the partition were in possession at the com-

mencement of the suit, after such sale so made on execution, or otherwise, shall have been examined by the proper court, and the same by such court adjudged legal; and in cases where the defendant is a settler or occupier of lands or tenements, without color of title, and to which the complainant has the right of possession. This section shall not be construed as limiting the provisions of section one thousand one hundred and nineteen.

"Sec. 1021. A tenant shall be deemed to be holding over his term whenever he has failed, neglected, or refused to pay the rent or any part thereof when the same was due, and judgments either before the justice or in the district court under this chapter shall not be a bar to any after action brought by either party."

We have quoted these sections of the statute at length for the purpose of showing in what cases and under what conditions a justice has "power to enquire" into the unlawful detention of property. Under these provisions, if plaintiff can maintain this action at all it must be upon the theory that the defendant is a tenant of the plaintiff under the provisions of the contract of purchase, which provides that in case of default in payments the purchaser shall "hold his possession as a tenant at will."

This contract is a contract of sale, and not a lease. It must be one or the other. It cannot be said that if the purchaser fails to pay an installment of purchase money at the time it is due, the vendor cannot enforce the contract against him; that it then becomes a lease and so continues until the purchaser pays the installment due, and that such payment again changes it into a contract of sale. Neither can it be said that any of its terms can be binding upon the purchaser and not at the same time hold the seller. The provisions of the contract in so far as it is binding upon either of the parties must be mutual. Therefore if both parties abandon and rescind the contract, and the purchaser at that time shall be in possession, that possession

is agreed to be a tenancy at will terminable at the pleasure of either party.

It must be further observed that while the plaintiff might under the terms of this contract cancel it and refuse to be further bound by it in case of default, yet it could not do so to the extinguishment of any equities which might exist in favor of the defendant. It may be and doubtless is claimed that in this case he has none. This may be true, but if this action can be maintained in this case it can in any case of the sale of real estate, and all equities in favor of the purchaser completely terminated and canceled at the will of the vendor by the simple act of the selection of the court in which he will prosecute his action; for it is well known that no defense of that kind can be made in proceeding under the sections above quoted. So long as the contract of sale continues, so long has the purchaser an interest in the subject of the contract. So long as that interest or title exists the justice has no jurisdiction in the case. In an action in ejectment or other proper proceeding in a court of general jurisdiction all equities and defenses can be fully adjudicated. In justice court they can not be, for the reason that no jurisdiction or authority to do so exists, and therefore in suits between vendor and vendee, growing out of the contract of sale, the district court only has jurisdiction.

The case of *Uhl v. Pence*, 11 Neb., 319, is cited as authority against the views here expressed. We do not so consider it. In that case the purchaser had never paid any part of the purchase price and had abandoned the contract and the premises. The defendant Pence, a stranger to the contract, had taken possession without the consent of either the vendor or vendee, but was seeking to hold by virtue of some right or claim of his own. It was shown that the plaintiff Uhl had possession prior to the possession of Raw, the purchaser. No person was claiming any rights under the contract between Uhl and Raw. The question

in this case was in no sense before the court in that, and the suggestion made by the writer of that opinion was used only by way of argument, and not as deciding any question of that nature before the court.

In *Dakin v. Allen*, 8 Cushing, 33, it is said: "But it is sometimes said that one who is thus under a contract for a sale is tenant at will to the owner. In a certain sense he is a tenant at will, as a mortgagor is tenant at will to the mortgagee, because he may enter upon him and eject him, if he can do it peaceably, or maintain a real action on his title and thus gain his possession. He is like a mortgagor in relation to a mortgagee in another respect; he is under no obligation to pay rent unless upon an express agreement. If it be said that he was to pay rent in the form of interest on the note, the answer is, that he was to pay a sum of money semi-annually, not for the use of the land, nor grounded on the estimated value of such use, but as forbearance of payment of a sum of money which he had contracted to pay absolutely and for which he had given his note. There is no appearance of any agreement that the defendant's right of possession was made dependent on the payment of interest, though it is highly probable that this was tacitly understood. But the statute providing for a summary process in case of the holding over of a tenant without right requires something more, and refers to the case of a lessee and an actual demise." That was an action of forcible detention under a statute providing that the action might be maintained against tenants holding over, but judgment was rendered in favor of the defendant.

In *Hayes v. Connelly*, 1 A. K. Marsh, 393, the supreme court of Kentucky decided that a person in possession of land under a contract of purchase, was not a tenant so as to subject him to a warrant of forcible detainer; and in *Jack v. Carneal*, 2 Id., 518, the same court held that a person so in possession under a contract of purchase, who cancels such contract and takes a lease of the prem-

ises, is not liable to the action of forcible detention. This decision seems to have been made under a statute different from ours.

In *Nightingale v. Barnes*, 2 N. W. Rep., 533 (S. C., 47 Wis., 389), the contract was one of lease for three years, reserving a rent of $565 per year, payable on a day certain each year, but with the clause added, providing that the lessee, his heirs and assigns, has the privilege to purchase said premises on the first day of April, 1879, if he shall so desire, by paying therefor the sum of $5,600. While only a majority of the court held this to be a contract of purchase; yet the court was unanimously of the opinion that if it was a contract of purchase the "defendant in possession under such instrument was not such a mere lessee of plaintiff that he could be dispossessed under the statute in regard to forcible entry and unlawful detainer."

The only case to which our attention has been called, holding that this action can be maintained is *Phelps v. I. C. R. R. Co.*, 63 Ills., 468. But we find this case to be founded upon a statute of that state which expressly provides for the action in cases of this kind. See Pub. Laws of Ills., 1861, 176.

It follows that the decision of the district court was correct and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.