J. D. SMITH *et al.* v. W. H. KIRCHNER.

(Filed July 30, 1898.)

JUSTICES OF THE PEACE—*Jurisdiction—Forcible Entry.* A justice of the peace has no jurisdiction in an action of forcible entry and detainer, in which the vendor of real estate brings an action to recover the possession of premises against a purchaser to whom he has made a contract for the sale of the land, and whom he has put in posses- sion thereof, and who has made default in the payment of the pur- chase price. The remedy is by an action in the district court to re- scind the contract, or to foreclose the equitable interest of the pur- chaser.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before A. G. C. Bierer, District Judge.*

*Morgan & Pancoast,* for plaintiff in error.

*J. W. Quick,* for defendant in error.

STATEMENT OF FACTS.

Action by W. H. Kirchner against J. D. Smith and M. E. Smith. Judgment for plaintiff. Defendants bring error. Reversed.

This was an action begun before a justice of the peace of Noble county to recover the possession of certain real estate under the provisions of article 13 of the Code of Civil Procedure, entitled "Forcible Entry and Detainer." At the trial of the case the following contract was introduced in evidence by the plaintiff, the defendant in error here:

"This contract, made and entered into by and between W. H. Kirchner, party of the first part, and J. D. Smith and M. E. Smith, parties of the second part, this 9th day of December, 1896, witnesseth, that whereas, the said party of the first part has bargained and sold, and by these presents does bargain and sell, unto the said party of the second part the following described lot, to-wit: lot seven (7) in block seventy-eight (78) in West Perry, together with all the improvements thereon, for and in consideration of two hundred and fifty dollars. The receipt of eighty dollars is hereby acknowledged, and the balance, to wit: one hundred and seventy dollars, on or before the 9th day of May, 1897, with interest to be paid to the said first party: Now, if the said second party shall well and truly pay the full amount of said note and interest when due, then the first party shall execute a quit claim deed for said lot and improvements thereon, giving to said second party quiet and peaceable possession of said premises; but, in case default is made in the payment of said note and interest, then in that case the said second party shall deliver to said party of the first part said lot and improvements thereon, without any further notice whatever. Witness the said parties have hereunto subscribed their names this 9th day of December, 1896. J. D. Smith. M. E. Smith. W. H. Kirchner.

"Subscribed and sworn to before me this 9th day of December, 1896. W. Taylor, Notary Public."

Under this contract the plaintiffs in error, (defendants below,) went into the possession of the premises, and,

having paid the sum of $80, as stated in the contract, gave their promissory note for $170 for the remainder of the purchase money. The defendants Smith failed to make the payments provided for in the contract, and upon the 12th day of June, 1897, the plaintiff, Kirchner, tendered the promissory note for $170 to the Smith's, and demanded possession of the property, which was refused. The action was begun on the 17th day of June by the defendant in error, who alleged that he was the owner of the property, entitled to its immediate possession, and that the possession was wrongfully and forcibly detained by the defendants. The defendants Smith answered (1) by general denial, and (2) that the property had been purchased from the defendant in error, and that they were placed in possession by the defendant in error, and were rightfully in possession. The justice of the peace found at the trial that the title to the property was involved in the case, **and** the case was thereupon certified to the district court, over the objection of the defendants Smith, who moved for the dismissal of the cause upon the ground that the justice of the peace had no jurisdiction of the rights of the parties under the contract made between them, and the possession given under it, in an action of forcible entry and detainer. The motion was overruled, and the case sent to the district court, where, upon trial before the court, judgment was rendered in behalf of the defendant in error, Kirchner. Motion for a new trial was made and overruled.

Opinion of the court by

McATEE, J.: The provisions of the Code of Civil Procedure which bear upon this case are as follows:

"SEC. 167. Any justice, within his proper county,

shall have the power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having a lawful and peaceable entry into lands or tenements, unlawfully and by force hold the same; and if it be found, upon such inquiry, that an unlawful and forcible entry has been made, and that the same lands and tenements are held by force, or that the same after a lawful entry, are held unlawfully, then said justice shall cause the party complaining to have restitution thereof.

"Sec. 168. Proceedings under this article may be had in all cases against tenants holding over their terms; in sales of real estate on executions, orders, or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made; in sales by executors, administrators, guardians, and on partition, where any of the parties to the partition were in possession at the commencement of the suit, after such sales, so made, on execution or otherwise, shall have been examined by the proper court, and the same, by said court, adjudged legal; and in cases where the defendant is a settler or occupier of lands and tenements without color of title, and to which the complainant has the right of possession. This section is not to be construed as limiting the provisions of the first preceding section."

There is no provision, under these sections of the statutes, which give to the justice of the peace, jurisdiction in a case like the present in which the defendants were in possession of the property under a contract to convey the title. Neither can this contract be construed into a lease. This was a contract of sale, and the right of possession of the defendants was not avoided, and their interest in the property remained so long as the contract of sale existed, and it cannot be terminated and converted into a tenancy without the consent of all the parties to

it.   Neither can the possession be construed to be unlaw-
ful, for, while the statute provides that the action of
forcible entry and detainer will lie against those who
have a lawful and peaceable entry into the lands and
tenements, and "unlawfully and by force hold the same,"
yet the possession of the defendants is not such an un-
lawful possession as is referred to by the statute.   It is
true that the plaintiff in the action was entitled to pay-
ment of his promissory note before the beginning of the
action, but did not receive that under the contract to
which he was legally entitled.   But the failure to make
payment of the note when it was due did not convert
the possession into an unlawful possession.   The defend-
ants had made a payment upon the land.   They had an
equity in it.   That equity cou'd not be determined under
the forcible entry and detainer act.   Neither was the jus-
tice of the peace clothed with equitable jurisdiction to
determine the rights of the parties under the contract,
and the plaintiff in the action of forcible entry and de-
tainer had no right to disregard the equity in the prop-
erty, belonging to the defendants, and to proceed by
forcible entry and detainer.

It was said in *Courtney v. Woodworth*, 9 Kan. 303, that
where a party sells land, executes to the purchaser a title
bond therefor, and receives a part of the purchase money,
takes several promissory notes for the deferred install-
ments of the purchase money, and puts the purchaser
in possession, he cannot maintain ejectment for the land,
merely because the party claiming under the title, for
want of funds, fails to pay the balance of the purchase
money; but that the vendor may, where the equities are
sufficient, seek relief by an action to rescind the contract
and recover possession; or he may treat the bond as an

equitable mortgage, and bring his action to foreclose the equities to the purchaser, and for sale to satisfy the unpaid purchase money.

And it was said in *Railroad Co. v. Skupa,* 16 Neb. 346, 20 N. W. 393, in a case in all material respects similar to the present one, that in a justice court the equities and defenses cannot be fully adjudicated, for the reason that no jurisdiction or authority to do so exists, and therefore, in suits between the vendor and vendee, growing out of a contract of sale, the district court only has jurisdiction.

And it was said in *Hay's Heirs v. Connelly's Heirs,* 1 A. K. Marsh. 393, that a person in possession of land under a contract of purchase was not a tenant, so as to subject him to a warrant of forcible detainer.

And it was held in *Nightingale v. Barnes,* 2 N. W. 767, 47 Wis. 389, that the defendant in possession under such an instrument, (that is, a contract of purchase,) was not such a mere lessee of plaintiff that he could be dispossessed under the statute in regard to forcible entry and unlawful detainer.

The case of *Railroad Co. v. Skupa,* 16 Neb. 341, 20 N. W. 393, was an action of forcible entry and detainer by the railroad company, brought to recover possession of land under a contract which provided that in case the agreements and stipulations for payment made by the other contracting party, Skupa, were not made, then the contract "should become utterly null and void, and all rights and interests hereby created, or then existing in favor of the second party should utterly cease, and the right of possession immediately revert to and revest in the railroad company; and they were authorized to take immediate possession of the premises, together with all

the improvements." The case was carefully considered by the supreme court of that state upon a statute identical with our own, and the views herein expressed fully and explicitly affirmed, after a review of some of the cases herein referred to, with others.

The case will therefore be remanded, with directions to the district court to direct the justice court to sustain the motion of the defendants below, and to dismiss the case.

All of the Justices concurring.