No. 18,517.

B. F. LINDER, *Appellant*, v. DAVID B. WARNOCK, *Appellee.*

SYLLABUS BY THE COURT.

CONTRACT OF PURCHASE—*Possesion Taken—Default in Payments —Unlawful Entry Not the Proper Remedy.* Where in the trial of an action of unlawful detainer it develops that the defendant took possession of the land in controversy under a contract for its purchase, having made a considerable part payment, and that there is a substantial controversy, involving disputed questions of fact, as to whether the equitable interest acquired under such contract has been lost, the court is justified in sustaining a demurrer to the plaintiff's evidence.

Appeal from Reno district court; CHARLES E. BRANINE, judge. Opinion filed January 10, 1914. Affirmed.

*C. M. Williams,* of Hutchinson, for the appellant.

*Frank L. Martin, E. T. Foote,* and *Van M. Martin,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

MASON, J.: W. E. Moore, the owner of a tract of land, on October 28, 1909, made a written contract for its sale to David Warnock for $6000, of which $1000 was paid down, and the remainder, bearing 7 per cent interest, was to be paid in nine annual installments, the first two of $200 each, the next of $300, the next four of $700 each, and the last two of $750 each. Two payments were made: of $291.47 August 27, 1910, and $175 February 27, 1911. The contract contained this provision, the seller being the first party and the buyer the second:

"If said party of the second part . . . fail to pay any of the payments of principal or interest for thirty days from the date when the same becomes due and payable, as herein stipulated, then this agreement

shall become null and void, at the option of the party of the first part, and the party of the second part shall and will forfeit to the party of the first part all moneys paid on this agreement, and shall and will, on demand, surrender the possession of said premises to the party of the first part, or his assigns."

November 11, 1911, Moore made a warranty deed to J. N. Hinshaw, and January 12, 1912, Hinshaw made a deed to B. F. Linder. April 12, 1912, Linder brought an action of unlawful detainer against Warnock. It was taken to the district court, where a demurrer to the plaintiff's evidence was sustained. The plaintiff appeals.

The district court seems to have proceeded upon the theory that the pleadings and evidence showed that there was an actual controversy as to whether the rights of the defendant to the land under the written contract had been lost, and that this was not a question proper to be litigated in this form of proceeding. In this we think the court was correct. The time of making the deferred payments was not in so many words made of the essence of the contract; the buyer had made a considerable payment down, and had made two additional payments; the situation was one in which a waiver of a right to strict forfeiture might be readily inferred; there was evidence of a chattel mortgage by Warnock to Moore, which was claimed to have been given in consideration of the extension of time of payment; there was also a claim on the part of Warnock that Hinshaw had agreed to act in his behalf in the matter; also that Moore was indebted to him; there was also evidence tending to show that Warnock had by his statements and conduct admitted that his interest had been extinguished. A number of other matters were involved, bearing more or less directly upon the controversy referred to. We think it fairly appeared that there was an actual conflict on the subject, involving serious questions both of law and fact,

18—91 KAN.

and in view of that situation the court properly brought the proceeding to an end.

The general rule is that in the absence of an express statute (such as exists, for example, in Illinois) "an action of unlawful detainer can not be brought against one claiming the premises in question under a contract to purchase." (13 A. & E. Encycl. of L. 767.) In *C., B. & Q. R. R. Co. v. Skupa,* 16 Neb. 341, 20 N. W. 393, which arose upon a statute substantially like our own, it was said:

"It must be further observed that while the plaintiff might under the terms of this contract cancel it and refuse to be further bound by it in case of default, yet it could not do so to the extinguishment of any equities which might exist in favor of the defendant. It may be and doubtless is claimed that in this case he has none. This may be true, but if this action can be mantained in this case it can in any case of the sale of real estate, and all equities in favor of the purchaser completely terminated and canceled at the will of the vendor by the simple act of the selection of the court in which he will prosecute his action; for it is well known that no defense of that kind can be made in proceeding under the sections above quoted. So long as the contract of sale continues, so long has the purchaser an interest in the subject of the contract. So long as that interest or title exists the justice has no jurisdiction in the case. In an action in ejectment or other proper proceeding in a court of general jurisdiction all equities and defenses can be fully adjudicated. In justice court they can not be, for the reason that no jurisdiction or authority to do so exists, and therefore in suits between vendor and vendee, growing out of the contract of sale, the district court only has jurisdiction." (p. 346.)

One claiming to be the equitable owner of property under a contract of purchase—his claim being substantial, and not a mere pretext—can not be ousted from possession by a summary proceeding before a justice of the peace. (*Alderman v. Boeken,* 25 Kan. 658.) In *Dineen v. Olson,* 73 Kan. 379, 85 Pac. 538, the

City of Topeka v. Shawnee County.

owner was permitted to recover possession by an action of unlawful detainer against one who had obtained it under a contract of purchase, but there it was expressly said that upon the agreed facts the defendant did not have, and did not claim to have, any legal or equitable right in the land. In forcible entry and detainer the title to the property can not be an issue in the sense of being the final matter to be determined. (*Armour v. Howe,* 62 Kan. 587, 64 Pac. 42.) Here the real question in dispute—the one thing to be determined—was whether the defendant's equitable title, acquired under the contract, had been cut off. There was a reasonable basis for the claim that it was still in existence. The summary procedure chosen was not adapted to the determination of such a question.

The judgment is affirmed.