### EJECTMENT OF A VENDEE.

Common Pleas Court of Franklin County.

HUGHES v. KLINE.

Decided, April 29, 1914.

*Contract of Purchase of Real Property—Surrender of Possession Pro-*
*vided for in Case of Failure to Pay Installments as They Become*
*Due—Action in Forcible Detainer Lies in Case of Default.*

The Ohio forcible detainer statute is broad enough to permit of a suit
    in forcible detainer against a vendee who has defaulted in his pay-
    ments under a contract of purchase which expressly provides that
    in case of default possession shall be surrendered to the vendor.

*T. E. Lewis* and *J. M. Lewis,* for plaintiff in error.
*S. A. Sharp,* contra.

ROGERS, J.

The case is heard on a petition in error together with the tran-
script and bill of exceptions.   The original case was one in forci-
ble detainer, wherein a judgment of ouster was entered.   Error
is prosecuted to such judgment on the ground that the magistrate
erred on a question of law.

It appears that Kline, the owner of the lot, agreed with Hughes
to build for him a house thereon according to certain plans, and
to sell the same to him for $3,200; that Kline built the house and
had it substantially completed on January 1st, 1914; that Hughes
was to pay $200 down, and the residue in monthly installments

of $25 each; that Hughes paid $150 down and about January 1st moved into the house; that differences arose between the parties with reference to the completion of the house and the fulfillment of the building contract; that no writing was ever entered into between the parties, although the writing was probably prepared and submitted to Hughes and was in substance the agreement between the parties; that their contract was in substance that if default in payment was made of any of the monthly installments for a period of thirty days after due, the balance of the principal sum should immediately become due and payable and all rights of Hughes under the contract should at the option of Kline become null and void, and all moneys paid should become forfeited to Kline as liquidated damages and without recourse at law therefor, and that Kline should thereupon have possession of said premises; that Hughes never paid the residue of the down payment nor any of the monthly installments, although demanded by Kline; that Hughes refused to surrender the premises to Kline, whereupon Kline proceeded with the forcible detainer suit after giving the statutory notice in forcible detainer on March 2d to Hughes to leave the premises.

I am of the opinion from the undisputed facts that the judgment below should be affirmed. While the contract was one of purchase and sale, it also expressly provided that in case of default on the part of Hughes, Kline should have possession of the premises. Such possession Hughes refused to deliver to Kline. Kline had the right to treat the contract as null and void upon such default and recover the possession of the premises by virtue of the terms of his contract.

It is contended that as between vendee and vendor, forcible detainer does not lie under our statutes, and the case of *Cowen v. Gordon*, 12 C.C. (N.S.), 431, is cited in support of such contention. However, the case cited does not reach the case before us, at least so far as the report thereof shows. The parties in the case before us agreed that in case of default of the purchaser in the payment of the installments for thirty days, he would at the option of the seller deliver possession to him. He did not do so, and as it appears to me, the right of forcible detainer in that sort of a case is broad enough, under our statute, to give full relief to

the seller without the necessity of proceeding in ejectment. Our statute (Section 10447, G. C.) provides in substance that forcible detainer can be had as well against those who make unlawful and forcible entry into lands and tenements and detain the same, as against those who have a lawful and peaceable entry into lands and tenements and unlawfully hold the same. It is held in *Yeager* v. *Wilbur,* 8 O., 399, that the remedy provided by the statute above mentioned extends to all cases of entry or maintenance of possession by actual force, and is not limited in the cases enumerated in Section 10449 G. C.

The case of *Railroad* v. *Skupa,* 16 Neb., 341, cited by counsel in support of his contention that forcible detainer does not lie, is based upon the theory that the statutes of that state, which are similar to our own, limit forcible detainer to cases like those enumerated in Section 10449 above mentioned. The case of vendor and vendee, not coming within their statute as construed by that court, the right of forcible detainer does not lie. But by the construction placed upon our statute, which is the reverse of the construction placed upon the Nebraska statute, I see no reason why in a case of vendor and vendee, where there is an express contract to deliver possession in case of default, the forcible detainer statute may not be resorted to. By contract the parties have stipulated that the possession shall be given up to the seller under certain conditions and the contract as between them should be null and void. I am unable to see why the owner of the title should be obliged under those circumstances to resort to ejectment to enforce his right of possession. Title is not involved in any way. The right of possession only may be in dispute under the terms of their contract. True, the purchaser may have equities which under certain circumstances he might have enforced if he had resorted to a court of equity for that purpose and sought to have the proceedings in forcible detainer stayed. But he did not do so, and he will not now be permitted to complain because he had an equitable remedy and failed to resort to it.

"In some jurisdictions an action of forcible entry and detainer will not lie by a vendor against a purchaser who has failed to perform; although in other jurisdictions such an action will lie

against the purchaser who enters into possession under the con-
tract and before he receives his deed fails or refuses to comply
with the contract, as where the purchaser is in possession under a
parol contract, and makes default or repudiates his agreement.''
39 Cyc., 1890, and cases.

I think an examination of the cases cited by the author will
disclose that in such case the right of forcible detainer is gov-
erned by the statute; and where the statute is broad enough to
cover the case of vendor and vendee, forcible detainer is per-
mitted; otherwise, it is not permitted.   Our statute is broad
enough to cover every case of vendor and vendee, at least where
they have covenanted with reference to the possession.

Finding no error in the judgment of the magistrate, I, there-
fore, affirm the same and render judgment against the plaintiff in
error for costs and award execution therefor; and the clerk is
ordered to certify the decision of this court to the justice of the
peace for enforcement of said judgment as if proceedings in error
had not been taken.   Exceptions.