## BLEDSOE v. PETERS.

No. 12754—Opinion Filed March 4, 1924.

**1. Vendor and Purchaser—Contract for Sale of Land.**

Agreement between plaintiff and defendant examined, and held to be a contract for sale of land under which the purchaser acquired an equitable interest. Scott-Baldwin Co. v. McAdams, 43 Okla. 161, 141 Pac. 770, followed.

**2. Justices of the Peace—Jurisdiction—Forcible Entry and Detainer.**

A justice of the peace has no jurisdiction in an action of forcible entry and detainer in which the vendor of real estate brings an action to recover the possession of premises against a purchaser to whom he has made a contract for the sale of the land, and whom he has put in possession thereof, and who had made default in the payment of the purchase price. The remedy is by an action in the district court to rescind the contract, or to foreclose the equitable interest of the purchaser. Smith v. Kirchner, 7 Okla. 166, 54 Pac. 439.

**3. Same—Lack of Jurisdiction—Appeal—Dismissal.**

Record examined, and held, the justice of the peace had no jurisdiction in this action, and that on appeal to district court such court should have reversed the judgment of the justice court and remanded the cause with directions to dismiss for lack of jurisdiction.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okfuskee County; Edward A. Summers, Judge.

Action by Wm. S. Peters against G. G. Bledsoe. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

J. C. Wright, C. T. Huddleston, Logan Stephenson, Ethel N. Profitt, and J. B. Patterson, for plaintiff in error.

Phillips, Douglass & Duling and Wm. S. Peters, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. On the 1st of November, 1916, the plaintiff contracted in writing to sell the defendant certain land which is the subject-matter of this action. Litigation ensued and the defendant secured a decree for the specific per-

formance of said contract of sale. An appeal was taken from the judgment of the district court and this court, in the case of Peters v. Bledsoe, 78 Okla. 256, 190 Pac. 407, affirmed the judgment of the trial court and held that Bledsoe (defendant herein) was entitled to specific performance of the contract of sale.

A further controversy relative to the matter has arisen since the former decision. Plaintiff has endeavored to declare a forfeiture of the contract of sale and has brought an action before a justice of the peace for restitution of the premises under the statute conferring jurisdiction in certain cases on the justice of the peace. The justice court rendered judgment for the restitution of the premises, and for damages for the unlawful withholding of the same in the sum of $700. On an appeal to the district court from the judgment of the justice of the peace court, the district court rendered judgment for the restitution of the premises and for costs. From the judgment of the district court this appeal is taken.

We think that it is necessary to examine only one assignment of error, which is that the justice court had no jurisdiction to hear and determine the controversy, and that the district court, therefore, had no jurisdiction of the appeal.

The plaintiff contends that this is a case where the tenant has held over a term, and contends that although the relation of vendor and purchaser existed by reason of the contract of sale that such relationship ceased. Plaintiff claims that defendant failed to comply with all of the conditions precedent devolved upon him by the terms of the contract, so that he did not have any title or color of title and that upon such failure of performance by defendant he became from that moment nothing more nor less than the tenant of the plaintiff.

The following provision of the contract is insisted upon by plaintiff as sufficient to support his contention:

"If the said second party does not carry out the terms and conditions hereof as set out herein, the said Farmers and Merchants Bank is hereby authorized and directed by both parties hereto to deliver this agreement with said deed to the first party and said second party shall forfeit all payments made hereunder, the same to compensate the first party for the use of said premises by the said second party, same to be considered as rentals for the said real estate."

However, we think this question is not open in this jurisdiction and has been resolved adversely to plaintiff's claim. In the case of Scott-Baldwin Co. v. McAdams, 43 Okla. 161,

141 Pac. 770, in an able opinion by the late Chief Justice Kane, a somewhat similar contract was considered. We quote the following statement from the decision:

"It was further stipulated that in case of the failure of said Key to make a good and sufficient abstract of title and warranty deed, or if he should not carry out said agreement within six months, certain other considerations mentioned in said contract as paid to said plaintiff would be considered as forfeited, and be applied as rent for said lots in the city of Sulphur."

It will be seen therefore that the situation in that case and the situation in the instant case are similar. In that case the court reached the conclusion that the contract was a contract of sale of lands, and held further that such contract vests the equitable title in the vendee from the time of the execution thereof. We quote the following from the body of the decision:

"The agreement between the plaintiff and Key is designated a 'contract of sale' and so it seems to us to be. Having reached the conclusion that the contract is a contract for the sale of land bona fide, made for a valuable consideration, the question of law thus presented is analogous to the question involved in the case of Adams v. White, 40 Okla. 535, 139 Pac. 514, wherein it was held that: 'A contract for the sale of land bona fide, made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract and the vendee is entitled to a conveyance and to a decree in chancery for a specific execution of the contract, if such conveyance is refused; and a judgment obtained by a third person against the vendor subsequent to the making of such contract, but prior to the time of its complete performance, cannot defeat or impair the equitable interest thus acquired, nor is it a lien on the land to affect the right of such cestui que trust' Fouts v. Foudry, 31 Okla. 221, 120 Pac. 960, 38 L. R. A. (N. S.) 251, Ann. Cas. 1913E, 301.'"

The case of Smith v. Kirchner, 7 Okla. 166, 54 Pac. 439, contains the following statement of law:

"There is no provision, under these sections of the statute, which give to the justice of the peace jurisdiction in a case like the present in which the defendants were in possession of the property under a contract to convey the title. Neither can this contract be construed into a lease. This was a contract of sale, and the right of possession of the defendants was not avoided, and their interest in the property remained so long as the contract of sale existed, and it cannot be terminated and converted into a tenancy without the consent of all the parties to it. Neither can the possession be construed to be unlawful, for, while the statute

provides that the action of forcible entry and retainer will lie against those who have a lawful and peaceable entry into the lands and tenements, and 'unlawfully and by force hold the same,' yet the possession of the defendants is not such an unlawful possession as is referred to by the statute. It is true that the plaintiff in the action was entitled to payment of his promissory note before the beginning of the action, but did not receive that under the contract to which he was legally entitled. But the failure to make payment of the note when it was due did not convert the possession into unlawful possession. The defendants had made a payment upon the land. They had an equity in it. That equity could not be determined under the forcible entry and detainer act. Neither was the justice of the peace clothed with equitable jurisdiction to determine the rights of the parties under the contract, and the plaintiff in the action of forcible entry and detainer had no right to disregard the equity in the property, belonging to the defendants, and to proceed by forcible entry and detainer.

"It was said in Courtney v. Woodworth, 9 Kan. 393, that where a party sells land, executes to the purchaser a title bond therefor, and receives a part of the purchase money, takes several promissory notes for the deferred installments of the purchase money, and puts the purchaser in possession, he cannot maintain ejectment for the land, merely because the party claiming under the title, for want of funds, fails to pay the balance of the purchase money; but that the vendor may, where the equities are sufficient, seek relief by an action to rescind the contract and recover possession; or he may treat the bond as an equitable mortgage, and bring his action to foreclose the equities to the purchaser, and for sale to satisfy the unpaid purchase money.

"And it was said in Railroad Co. v. Skupa, 16 Neb. 346, 20 N. W. 393, in a case in all material respects similar to the present one, that in a justice court, the equities and defenses cannot be fully adjudicated, for the reason that no jurisdiction or authority to do so exists, and therefore, in suits between the vendor and vendee, growing out of a contract of sale, the district court only has jurisdiction.

"And it was said in Hay's Heirs v. Connelly's Heirs, 1 A. K. Marsh, 393, that a person in possession of land under a contract of purchase was not a tenant, so as to subject him to a warrant of forcible detainer.

"And it was held in Nightingale v. Barnes, 2 N. W. 767, 47 Wis. 389, that the defendant in possession under such an instrument (that is, a contract of purchase), was not such a mere lessee of plaintiff that he could be dispossessed under the statute in regard to forcible entry and unlawful detainer.

"The case of Railroad Co. v. Skupa, 16 Neb. 341, 20 N. W. 393, was an action of forcible entry and detainer by the railroad company, brought to recover possession of land under a contract which provided that in case the agreements and stipulations for payment made by the other contracting party, Skupa, were not made, then the contract 'should become utterly null and void, and all rights and interest hereby created, or then existing in favor of the second party should utterly cease, and the right of possession immediately revert to, and revest in the railroad company; and they were authorized to take immediate possession of the premises, together with all improvements.' The case was carefully considered by the Supreme Court of that state upon a statute identical with our own, and the views herein expressed, fully and explicitly affirmed, after a review of some of the cases herein referred to, with others."

It is further well settled that the relation of landlord and tenant in no sense exists between vendor and vendee of lands. Watkins v. Holman, 16 Pet. 25, 10 L. Ed. 873. No implication as to the relation of landlord and tenant exists where there is a specific contract or agreement between the parties showing that such relation was not contemplated. Carpenter v. United States, 21 L. Ed. 680.

It is clear that the defendant was the equitable owner of the premises and that the rights of the parties could not be determined and finally adjudicated except in a proceeding in a court of equitable jurisdiction. The justice of the peace court did not have this jurisdiction, and had no jurisdiction in the premises.

Since the jurisdiction of the district court in this action was invoked by an appeal from the justice of the peace court, and not by an action brought originally in the district court, the district court could not in this action exercise its equitable jurisdiction. Therefore the district court should have rendered judgment reversing the judgment of the justice of the peace, with directions to the justice of the peace court to dismiss the action for want of jurisdiction.

The cause is reversed, with directions to the district court to reverse the judgment of the justice of the peace court and order a dismissal of the plaintiff's action in said justice of the peace court.

By the Court: It is so ordered.