WHITE et al. v. NUMBER ONE BRICKMAN PROCESS REF. CO.

No. 12831—Opinion Filed Feb. 17. 1925.

Rehearing Denied March 17, 1925.

1. **Forcible Entry and Detainer—Right of Action—Dispossession by Vendor.**

One in possession of real estate under a contract of sale who has been wrongfully dispossessed by his vendor, may maintain an action in forcible entry and detainer.

2. **Vendor and Purchaser—Remedy of Vendor for Default in Payments—Wrongful Dispossession.**

The vendor's remedy against one in possession who has defaulted in payments is by an equitable action in the district court. Such vendor cannot take possession of the premises over the protest of the purchaser in possession, and a possession so taken is wrongful.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action between J. C. White et al. and Number One Brickman Process Refining Company. From the judgment, the former appeal. Affirmed.

A. J. Welch, for plaintiffs in error.

Wright & Gill, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. Plaintiff was in possession of certain real estate under a contract of sale and had made valuable improvements on the premises under said contract.

Upon an alleged default the defendant, over the protest of the plaintiff, took possession of the property while the buildings which plaintiff had erected thereon were locked, and were not in use. In said buildings there was stored personal property of the plaintiff, including the books, papers, and records of said refining company.

The plaintiff recovered a judgment in an action brought for forcible entry and detainer and secured the restitution of the premises. An appeal was taken to the district court of Oklahoma county and upon a trial de novo the plaintiff again prevailed. The defendant appeals from the judgment.

It is clear to us that the defendant's remedy is by a suit in equity to foreclose the plaintiff's equitable interest. Bledsoe v. Peters, 98 Okla. 41, 224 Pac. 288, and cases there cited. The plaintiff in error advises us in his brief that he has filed such a proceeding in the district court and has prevailed therein. Under this state of the record, according to appellant's own statement, the case is moot and the appeal should be dismissed.

We have, however, examined the record and find that there is no error therein.

Therefore the judgment of the district court is affirmed.

By the Court. It is so ordered.

Note.—See under (1) 26 C. J. p. 815, sec. 41. (2) 39 Cyc. p. 1888.