DIX v. BURKHARD.

No. 29842. March 17, 1942.

Rehearing Denied Nov. 17, 1942.

*130 P. 2d 837.*

444

J. M. Hill and Robert B. Thomas, both of Tulsa, for plaintiff in error.

Gavin & Barnes, of Tulsa, for defendant in error.

DAVISON, J. This is an action in forcible entry and detainer. It was instituted in a justice of the peace court of Tulsa county by J. S. Burkhard, as plaintiff, against Adeline Dix, as defendant, to obtain possession of a residence located at 1208 South Indian street in the city of Tulsa. The plaintiff asserted forcible entry and unlawful detainer. The defendant asserted peaceable entry pursuant to agreement and rightful possession by reason of an alleged vested life estate. The trial of the case to a jury in the justice court resulted in a judgment for the defendant.

The plaintiff perfected an appeal to the court of common pleas, where the case was tried de novo, resulting in judgment on a directed verdict for the plaintiff. The defendant presents the cause on appeal to this court, asserting the existence of disputed and controlling issues of fact which, according to her theory, should be submitted to and determined by a jury. The order of appearance is reversed in this court, but we will continue to use the trial court designation.

A brief summary of the evidence will be sufficient to satisfy the requirements of this case under the rules of law controlling its disposition. Some of the proof produced does not reflect credit on either of the parties, but allusion thereto cannot be entirely avoided.

The plaintiff's evidence tended to establish forcible entry and continued unlawful detention of the property by the defendant without the consent and against the will of the plaintiff.

The defendant's proof, on the other hand, tends to establish peaceable entry by agreement for the purpose of enjoying a life estate in the premises which she believes she has acquired by parol agreement based on past consideration and which she thinks she may successfully assert in spite of the statute of frauds by reason of performance on her part plus occupancy. Perhaps, also, she contemplates the invocation of equitable consideration (Hall v. Haer, 160 Okla. 118, 16 P. 2d 83; St. Louis Trading Co. v. Barr, 168 Okla. 184, 32 P. 2d 293) to assure her of evading the statute.

It appears from the proof that prior to the dispute over the possession of the real estate the parties were well acquainted and closely associated. That during a part of the time they lived in the same house; that each of them had some property and that they assisted each other in the management and control thereof. Without going into the intricate details of these matters it may be observed that defendant's evidence tended to establish that when this close association terminated the plaintiff was indebted to her from a purely business viewpoint, and that he was also the father of a child born to her. It also tended to establish that he then agreed to satisfy the debt by vesting in her a life estate to the property here involved and agreed that she move in to enjoy the estate, which she did.

She asserts that, independent of any duty on the part of the plaintiff to support the child, he was indebted to her on other considerations of a business nature in an amount adequate to support the property transfer which she asserts has been sufficiently completed to vest her with the estate claimed.

In other words, the defendant is asserting in substance that, as to the life estate herein claimed, the relationship between the plaintiff and herself is that of vendor and vendee, and that although the contract rests in parol, it has been sufficiently consummated to be enforceable.

Thus, as we shall subsequently see, cases dealing with that type of relationship in forcible entry and detainer actions claim a controlling degree of consideration.

Upon consideration of the case we have concluded that defendant's position that she was entitled to a jury trial is meritorious and that the trial court committed reversible error in directing a verdict for the plaintiff.

The defendant in resisting plaintiff's efforts to dispossess her has consistently maintained throughout this litigation that her entry into possession of the premises was peaceful and pursuant to agreement with the plaintiff. She asserts in substance that she is the owner of a life estate in the premises pursuant to an oral contract with the plaintiff supported by past consideration and removed from the operation of the statute of frauds by part performance. She takes the position that this contract is executory only in the sense that no formal conveyance has been executed. In connection with her alleged ownership of the life estate she claims the continuing right to possession.

It is appropriate to notice at this point that the defendant is asserting a claim of title but not color of title. The latter term alludes to the appearance of title resting upon some written instrument, but it need not constitute actual title. Bouvier's Law Dictionary, Rawles Third Revision, pages 527, 528; Boland v. Heck, 179 Okla. 403, 65 P. 2d 1213; Spaulding v. Beidleman, 60 Okla. 183, 160 P. 1120.

In support of the defense she has apparently assumed a burden in excess of the requirements of the law. It is sufficient as a defense to this character of action for her to establish her peaceable entry pursuant to agreement and that she has a substantial claim of title as distinguished from a mere pretext or pretentious claim to an estate which entitles her to possession. She has gone further and seeks herein to establish the legal sufficiency of her title and apparently desires a judicial declaration that a life estate is vested in her. This latter character of adjudication was beyond the power of the trial tribunal and is beyond the power of this court in the exercise of appellate jurisdiction in this type of action. However, it is possible and proper to inquire into and determine the existence, as distinguished from the legal sufficiency, of a substantial claim of title and to eliminate a claim which is a mere pretext or pretense.

The limitation upon our authority in this respect arises from the nature of the case with which we are dealing and the fact that we are exercising purely appellate jurisdiction.

It has been repeatedly held by this court that the legal sufficiency of a questioned title to real estate cannot be determined in a forcible entry and detainer action. Lyons v. Lyons, 185 Okla. 70, 90 P. 2d 391, and cases therein cited.

The fact that the case is now before this court on appeal does not enlarge the scope of inquiry, our jurisdiction being appellate. McHenry v. Gregory, 57 Okla. 435, 156 P. 1158 (distinguished in other respects, Lyons v. Lyons, supra).

What happens then, where, as in this case, a defendant is claiming entry by agreement, without force, and a right to continue in possession based upon an alleged life estate?

If her asserted life estate were based upon "color of title" instead of claim of right without color of title, she could certainly, after proving peaceable entry and such color of title, defeat the action insofar as authority for its prosecution might be said to rest on section 919, O. S. 1931, 39 Okla. St. Ann. § 393, which provides in part for the prosecution of actions under the forcible entry and detainer act ". . . in cases where the defendant is a settler or occupier of lands and tenements *without color of title, and to which the complainant has the right of possession.*" (Emphasis ours.)

But is she precluded from a similar defense by the absence of color of title when she is asserting a substantial claim of title which is inconsistent with the plaintiff's right of possession? We are of the opinion, and hold, that she is not. The two requirements of the statute (one positive, the other negative) are in the conjunctive, and it is just as important to the plaintiff's successful maintenance of the action that he "have the right of possession" as that the defendant does not have color of title. The plaintiff's right of possession depends upon the *nonexistence of a legally sufficient title in the defendant* which entitles her to possession.

Can the justice court or higher courts on appeal determine the legal sufficiency or insufficiency of the title merely because the nature of the claim is such that "color of title" is not involved? The answer is no. Obviously, the jurisdiction of the court cannot thus be enlarged.

The situation presented is analogous to that which existed in Bledsoe v. Peters, 98 Okla. 41, 224 P. 288. There, as here, the action was forcible entry and detainer. There, as here, the plaintiff had the prior unquestioned right of possession under an unquestioned title. There, as here, the defendant claimed the entry had been by agreement. There, as the defendant asserts here, there existed a substantial claim that an equitable estate had vested, entitling the defendant to continue in possession. There, as here, the plaintiff denied the existence of the equitable estate. There, as here, the right of possession depended upon the sufficiency and validity of the respective claims. An immaterial difference exists. There the contract was in writing; here it is oral. In the cited case it was a vendor-vendee contract in writing which was asserted to have been broken. It was not, however, such a contract as would create color of title, since it was not an instrument which "professed to convey title." See Bouvier's Law Dictionary, Rawles Third Edition, page 529. It did, however, as does the oral agreement in this case, afford the basis for a claim of right to equitable title.

This court held in that case, as we must now hold in this case, subject to the right of a jury to refuse to believe defendant's testimony, that rights of the parties existing under the contract could not be determined in this type of action instituted before a justice of the peace and that resort must be had to other appropriate proceedings.

To the same general effect see Scott-Baldwin Co. v. McAdams, 43 Okla. 161, 141 P. 770; Smith v. Kirchner, 7 Okla. 166, 54 P. 439.

Our holding in the foregoing cases is in accord with the weight of authority. 22 Am. Jur. 911. It is worthly of note in this connection that the text above cited is supported by the Kansas case of Linder v. Warnock, 91 Kan. 272, 137 P. 962; selected for annotation in Annotated Cases, 1915 C 315. This has added weight in this jurisdiction because our statutes on forcible entry and detainer come from Kansas. McDonald v. Stiles, 7 Okla. 327, 54 P. 487; Chisolm v. Weise, 5 Okla. 217, 47 J. 1086. Our statutes on the subject passed through a re-enactment subsequent to the adoption of the Constitution, Session Laws 1907-1908, but remain the same with a few changes in language, not material here. (Compare Statutes of Okla. 1903, §§ 5086 et seq., and General Statutes of Kansas 1935, §§ 61-1301 et seq.)

In Linder v. Warnock, supra, the Kansas Court appropriately observed:

"One claiming to be the equitable owner of property under a contract of purchase—his claim being substantial, and not a mere pretext—cannot be ousted from possession by a summary proceeding before a justice of the peace. (Alderman v. Boeken, 25 Kan. 658.) In Dineen v. Olson, 73 Kan. 379, 85 P. 538, the owner was permitted to recover possession by an action of unlawful detainer against one who had obtained it under a contract of purchase, but there it was expressly said that upon the agreed facts the defendant did not have, and did not claim to have, any legal or equitable right in the land. In forcible

entry and detainer the title to the property cannot be an issue in the sense of being the final matter to be determined (Armour v. Howe, 62 Kan. 587, 64 P. 42). Here the real question in dispute—the one thing to be determined—was whether the defendant's equitable title, acquired under the contract, had been cut off. There was a reasonable basis for the claim that it was still in existence. The summary procedure chosen was not adapted to the determination of such a question."

The Kansas court disposed of the case favorably to the defendant as a court question, but in this case plaintiff's proof rests in parol, is contradicted, and the jury may not believe it.

Thus in this case the defendant was entitled to a favorable decision if the jury believed that she entered peacefully and was in good faith presenting a substantial claim to a life estate as distinguished from a mere pretext.

Of course, if she entered forcibly as plaintiff contends, the substance of her claim to a life estate would not assist her. Howard v. Davis, 40 Okla. 86, 136 P. 401.

Although holding that defendant's claim as supported by her evidence, if acceptable to the jury, is one of substance rather than a pretext, we express no opinion on the legal sufficiency thereof. In thus limiting our expression we are aware that previous decisions of this court (some of them in cases above cited) have contained expressions which in literal substance did reflect upon the legal sufficiency of adverse claims of title. Such expressions are sometimes warranted as being indisputable, but cannot be justified on that basis here. Questions of this type in this character of actions have often been troublesome. Dispositions of cases involving this type of defense have been adopted which, under the particular facts in this case, would not be appropriate. Many of the cases have been disposed of by the court independent of consideration by a jury. Neither the plaintiff nor defendant in this case occupies an unquestionable position which would warrant a decision on the merits by the court without reference to a jury.

In connection with defendant in error's brief on the merits, he has again urged a motion to dismiss the appeal herein upon procedural grounds. We have reconsidered the matter and adhere to the former order previously made overruling the motion to dismiss.

The case is reversed, with directions to vacate the judgment and proceed in a manner not inconsistent with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and BAYLESS, GIBSON, and ARNOLD, JJ., concur. OSBORN and RILEY, JJ., concur in conclusion.

HURST, J. (specially concurring). The plaintiff bases his case on a forcible entry followed by an unlawful detainer. His testimony supports his theory. The defendant testified that she took possession with the consent of the plaintiff under an agreement that she could occupy the property during her lifetime. This made an issue of fact for the jury to pass upon. The court erred in taking the case from the jury. The cause should be reversed, with directions to submit to the jury the issue thus made, did the defendant forcibly, and without the consent of the plaintiff, take possession? If the question is answered in the affirmative, the verdict should be for the plaintiff, otherwise the verdict should be for the defendant.

The only issue triable is the right to possession. The claim of the defendant to an equitable interest cannot be litigated in this, a forcible entry and detainer action.